648 A.2d 1289

**GERIATRIC & MEDICAL CENTERS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FACEY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 1994.

Decided Sept. 23, 1994.

Reargument Denied Nov. 22, 1994.

---

Audrey L. Jacobsen, for petitioner.

George K. Costalas, for respondent Facey.

Before SMITH, FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge:

Geriatric & Medical Centers (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision denying Employer's petitions for review and for termination of notice of compensation payable to Theresa Facey (Claimant). The issue before this Court is whether the Board erred in refusing to set aside the notice of compensation payable which Employer contends was incorrectly issued because Claimant was injured while participating in a ridesharing arrangement which is excluded from workers' compensation coverage as provided in Section 3 of the Act of December 14, 1982, P.L. 1211, *as amended*, 55 P.S. § 695.3, commonly known as the Ridesharing Act (Ridesharing Act).

Claimant was employed as a nursing assistant for Employer on August 17, 1988 when she was injured in a motor vehicle accident while riding in an Employer-owned and operated van on the way to her job site at the West Chester Arms, West Chester. Employer provided van service from its corporate headquarters on Walnut Street in Philadelphia to the job site. The van was used as a part of Employer's ridesharing program whereby employees were provided free transportation on a voluntary basis. On October 13, 1988, Employer filed a notice of compensation payable for injuries sustained by Claimant in the nature of strain and sprain to her lumbar and cervical spine.

On July 10, 1990, Employer filed a petition for review of notice of compensation payable, alleging that Claimant was being paid compensation due to injuries sustained in a ridesharing arrangement; pursuant to Section 3 of the Ridesharing Act, such injuries were not compensable under the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, and the notice of compensation was materially incorrect. On August 13, 1990, Employer filed a petition for termination alleging that Claimant's benefits should be terminated for the reasons indicated above. Claimant denied the allegations of both petitions. The referee, on

March 2, 1991, dismissed Employer's petitions and ordered Employer to continue paying Claimant's compensation.

The referee found that under the terms of the Ridesharing Act, Claimant would not be legally entitled to worker's compensation coverage but concluded however that the legal inaccuracy of the notice of compensation payable was not apparent on its face and that Employer failed to discover the inaccuracy before issuing the notice of compensation payable. Additionally, Employer failed to carry its burden to show why it did not investigate facts surrounding the accident prior to issuance of the notice of compensation payable and failed to prove that the notice was materially incorrect. The Board affirmed the referee's decision.[1]

Employer argues that where a referee finds that a claimant participated in a ridesharing arrangement, any workers' compensation agreement made pursuant to injuries incurred as a result of the arrangement must be set aside on the grounds that the agreement is materially incorrect. Modification of a compensation agreement is justified where there is a true mistake of fact or law which renders such agreement materially incorrect. Section 413 of the Act, 77 P.S. § 771; *Litton Indus. v. Workmen's Compensation Appeal Board (Christner)*, 78 Pa.Commonwealth Ct. 79, 466 A.2d 1114 (1983). The burden is on the party seeking a modification of the notice of compensation payable to prove that a material mistake of law was made at the time of the agreement. *Hartner v. Workmen's Compensation Appeal Board (Phillips Mine & Mill, Inc.)*, 146 Pa.Commonwealth Ct. 167, 604 A.2d 1204, *appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992).

The relevant portion of Section 3 of the Ridesharing Act provides that the Workers' Compensation Act "shall not apply to a passenger injured while participating in a ridesharing arrangement between such passenger's place of residence

---

1. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether there was a constitutional violation. *Rite Care Resources v. Workmen's Compensation Appeal Board (Davis)*, 154 Pa.Commonwealth Ct. 336, 623 A.2d 917 (1993).

and place of employment." Section 413 of the Workers' Compensation Act provides:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

Employer argues the referee had the authority under Section 413 to set aside the notice of compensation payable based on provisions of the Ridesharing Act.

While concluding that Employer failed to meet its burden as to setting aside the notice of compensation payable, the referee also determined that with respect to the termination petition, Employer failed to present evidence that Claimant's condition had changed or ceased. As support for their decisions, the referee and the Board relied upon *Home Ins. Cos. v. Workmen's Compensation Appeal Board (Bureau of Workers' Compensation)*, 98 Pa.Commonwealth Ct. 249, 510 A.2d 1280 (1986), *appeal denied*, 515 Pa. 588, 527 A.2d 547 (1987) (citing *Barna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 513 Pa. 518, 522 A.2d 22 (1987)); the referee concluded that Employer was prohibited from litigating the cause of Claimant's disability where Employer failed to avail itself of an opportunity to investigate the claim. The Ridesharing Act was the law at the time Employer issued its notice of compensation payable and Employer failed to explain why facts surrounding the accident were not discovered in order to determine the applicability of the Ridesharing Act prior to entering the notice of compensation payable.

Employer relies upon *Barna* where the Supreme Court permitted an employer to seek termination of disability payments after the employer began paying benefits pursuant to a notice of compensation payable commencing July 30, 1977, almost two weeks after the employee's injury. In October 1977, the employer's doctor reviewed the employee's hospital records and concluded that his disability was not work related,

and thereafter in December 1978, the employer petitioned for review of the notice of compensation payable contending that the cause of claimant's disability was not work related. The Supreme Court granted allowance of appeal to determine whether its decision in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983), precluded termination of disability benefits where an employer makes payments under a mistaken belief that an employee's disability was work related. The Supreme Court distinguished its holding in *Beissel* and reasoned that since the record did not show that J. & L. Steel actually investigated the employee's condition prior to filing of the notice of compensation payable, and after completion of the investigation the employer determined that the cause of injury was not work related but was due instead to World War II injuries, the notice of compensation payable was materially incorrect and may be set aside in the absence of evidence of repeated contests of the cause of disability.

The facts and holding in *Barna* are distinguishable from the case sub judice. Employer failed to promptly file a notice of compensation payable in that three months elapsed between the time of Claimant's work injury and the filing of Employer's notice of compensation payable, Employer had ample opportunity to investigate the cause of Claimant's disability due to a specific vehicular accident rather than an underlying condition found to exist in *Barna*, and had two years from the time of Claimant's injury and the date of its petition to investigate the applicability of the Ridesharing Act. At no time has Employer specifically argued that it did not investigate Claimant's claim or was in any respect precluded from determining Employer's liability for the claim.

In *Beissel*, the Supreme Court reversed this Court's decision to uphold the set aside of a notice of compensation payable. The employer filed its petition for termination two years after filing its notice of compensation payable claiming that the employee's condition was unrelated to her May 1975 fall. In rejecting the employer's attempt to litigate its admission of liability, the Supreme Court stated:

Just as we have held that the burden is on a petitioner to prove that an employe's disability has increased or decreased *after* the filing of a notice of compensation payable, we also hold that a petitioner has the burden of proving that an independent cause of an employe's disability arose *after* the filing of a notice of compensation payable if the petitioner is seeking to justify the termination of benefits on the grounds that the employe's disability is no longer work-related. To hold otherwise would afford the employer an opportunity to litigate that which it has already admitted. This we will not do.

*Id.,* 502 Pa. at 185, 465 A.2d at 972 (emphasis in original).

The preceding text from *Beissel* was reiterated by this Court in *County of Schuylkill v. Workmen's Compensation Appeal Board (Lawlor),* 151 Pa.Commonwealth Ct. 97, 617 A.2d 46 (1992). In *County of Schuylkill,* this Court refused to set aside a notice of compensation payable where the employer argued that it had not completed an investigation into the cause of the claimant's injury when the employer issued a notice of compensation payable; the employer later obtained medical records which determined that the claimant's myocardial infarction and coronary bypass surgery were not related to the claimant's employment. This Court concluded that the notice of compensation payable should not have been set aside because the worker's compensation carrier made little effort to determine whether the injury was related and had an opportunity to do so before filing the notice.[2]

---

**2.** Employer also argues the applicability of *Phillips v. Workmen's Compensation Appeal Board,* 519 Pa. 31, 545 A.2d 869 (1988), where the employer was permitted to challenge the validity of its notice of compensation. That case is distinguishable from the instant matter in that it concerned the willful concealment of relevant medical evidence by counsel for the claimant which voided the compensation agreement. The referee concluded that the original compensation agreement was void as having been induced by fraud. Employer also relies upon *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc.),* 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989), *appeals denied,* 524 Pa. 631, 634, 574 A.2d 72, 74 (1990), where the dispute concerned the dates of injury and two separate workers' compensation insurance carriers' liability. That determination would of course dictate which carrier is liable for payment of compensation

As for *Home Ins. Cos.*, this Court observed that an employer must demonstrate that a notice of compensation is materially incorrect on grounds that the cause of the claimant's disability was discovered to be not work related after execution of the agreement. The issue in *Home Ins. Cos.* concerned the employer's entitlement to reimbursement from the supersedeas fund due to benefits paid to an employee prior to a stipulated set aside of the notice of compensation payable. This Court concluded that before *Beissel*, a wider range of attacks was permitted on notices of compensation payable but nevertheless, because the notice was filed voluntarily, it continued in full force and effect and all payments made thereunder were "payable" in accordance with the Act. Therefore reimbursement from the supersedeas fund was denied.

In view of established principles governing the set aside of notices of compensation payable, it is evident that Employer in the case sub judice is not entitled to a set aside of its notice of compensation payable as Employer had ample opportunity to investigate and discover the facts surrounding Claimant's accident and to determine relevant law prior to filing the notice of compensation payable. Not only did Employer fail to avail itself of an opportunity to investigate this claim, it waited almost two years before it decided to petition to set aside the notice of compensation payable. Thus application of the law to the facts of this case precludes the relief sought by Employer to litigate its prior admission of liability for Claimant's disability. The Board was correct in affirming the referee's decision, and this Court will therefore affirm its order.

## ORDER

AND NOW, this 23rd day of September, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.

benefits to the claimant. *Lawrence* is also clearly distinguishable from the case sub judice where there is no dispute that Claimant was injured under the circumstances and date indicated and that Employer is the only liable party.

598

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Because the first paragraph of section 413(a) of The Pennsylvania Workmen's Compensation Act (Act) [1] states that a referee may review and set aside a Notice of Compensation Payable *at any time* where it is *in any material respect incorrect* and because Geriatric & Medical Centers (Employer) has proven that section 3 of the Ridesharing Act [2] legally precludes the payment of compensation benefits to Theresa Facey (Claimant) and, thus, makes the Notice of Compensation Payable null and void, I would reverse.

The majority has reached the opposite result by relying upon several cases, none of which apply here. The majority, like the referee and the Board, relies upon *Home Ins. Cos. v. Workmen's Compensation Appeal Board (Bureau of Workers' Compensation)*, 98 Pa.Commonwealth Ct. 249, 510 A.2d 1280 (1986), *appeal denied*, 515 Pa. 588, 527 A.2d 547 (1987), where an employer sought supersedeas fund reimbursement under section 443 of the Act after a referee set aside a notice of compensation payable. We denied the employer's request for supersedeas fund reimbursement because compensation was "payable" [3] until the referee actually issued the order setting

---

1. Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771, states in pertinent part:

   (a) A referee ... may, at any time, review and ... set aside a notice of compensation payable ... if it be proved that such notice of compensation payable was in any material respect incorrect.

2. Section 3 of the Act of December 14, 1982, P.L. 1211, *as amended*, 55 P.S. § 695.3, commonly known as the Ridesharing Act (footnote omitted), states in pertinent part:

   The act of June 2, 1915 (P.L. 736, No. 338), known as "The Pennsylvania Workmen's Compensation Act," shall not apply to a passenger injured while participating in a ridesharing arrangement between such passenger's place of residence and place of employment.

3. Section 443 of the Act provides that an employer may be reimbursed from the supersedeas fund for payments of compensation if "it is determined that such compensation was not, in fact, *payable*." 77 P.S. § 999 (emphasis added).

aside the notice of compensation payable.[4]

Based on this holding, the majority concludes that benefits paid pursuant to an illegal notice of compensation payable are nevertheless "payable." However, we are not concerned in this case with a request for supersedeas fund reimbursement under section 443 of the Act. That would be this case only if we first set aside the Notice of Compensation Payable and then Employer sought reimbursement from the supersedeas fund. Our focus here needs to be on whether to set aside a Notice of Compensation Payable pursuant to the first paragraph of section 413(a) of the Act because it was issued illegally.

The majority also cites *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983) and *County of Schuylkill v. Workmen's Compensation Appeal Board (Lawlor)*, 151 Pa.Commonwealth Ct. 97, 617 A.2d 46 (1992), in support of its position that we should not set aside the Notice of Compensation Payable here because it is an admission of liability. In *Beissel,* an employer paid compensation benefits under a notice of compensation payable and subsequently filed a petition to terminate compensation benefits under the second paragraph of section

---

4. This court apparently had some difficulty accepting the referee's decision to set aside the notice of compensation in *Home Ins. Cos.* In dicta, we stated:

> Before *Beissel,* it *appears* that a wider range of attacks on Notices of Compensation Payable were available to employers and insurance carriers.

*Home Ins. Cos.,* 98 Pa.Commonwealth Ct. at 252, 510 A.2d at 1281 (emphasis added). We then stated that "*[i]n any event,* the instant appeal can be decided by a careful analysis of ... Section 443 of the Act." *Id.* (emphasis added.) In other words, our decision in *Home Ins. Cos.* did not rest upon *Beissel* or any other case; rather, we resolved the issue based solely on section 443 of the Act. In this case, we must interpret section 413(a) of the Act.

Moreover, the majority has incorporated the above dicta into its recitation of our holding in *Home Ins. Cos.,* stating:

> [t]his Court *concluded* that before *Beissel,* a wider range of attacks were permitted on notices of compensation payable....

(Majority Op. at 1292) (emphasis added). However, in *Home Ins. Cos.,* we were not asked to review the referee's decision to set aside the notice of compensation payable, and we did not *conclude* that *Beissel* limited attacks on notices of compensation payable.

413(a) of the Act, alleging that the claimant's injury was never work-related. Our Supreme Court concluded that the notice of compensation payable was an admission by the employer that the claimant's disability "was related to her ... fall at work" and that the employer could not therefore litigate what it had already admitted. *Id.*, 502 Pa. at 183, 465 A.2d at 972. The Court explained that any other result would lead to endless litigation regarding the original cause of an injury. *Beissel.*

Similarly, in *Lawlor,* an employer filed a petition to review and set aside a notice of compensation payable under the first paragraph of section 413(a) of the Act because the employer had not completed its medical investigation when it executed the notice of compensation payable and because its independent medical examiner thereafter expressed the opinion that the claimant's injury was not work-related. We decided not to set aside the notice of compensation payable because the employer made little effort to discover whether the claimant's injury was work-related when the employer had an opportunity to do so.

*Beissel* and *Lawlor* both present the same issue, but one that is different from that before us here. In each case, it is the work-relatedness of the claimant's injury that is belatedly brought into question by the employer. Therefore, although the employers contend that the injuries were not compensable under the Act, they never question the Act's applicability. By contrast, here, the issue is whether the Act itself is applicable; because Claimant was participating in a ridesharing arrangement when she was injured, it is not. 55 P.S. § 695.3.

The question before us is whether a notice of compensation payable is null and void under the first paragraph of section 413(a) of the Act where statutory law *prohibits* the payment of compensation benefits to a claimant. In *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board,* 506 Pa. 592, 487 A.2d 794 (1985), our Supreme Court, pursuant to the first paragraph of section 413(a) of the Act, set side a supplemental agreement because its provisions were illegal

under section 407 of the Act.[5]    Accordingly, the Court declared that the agreement was wholly null and void, treated the agreement as if it never existed and returned the parties to their respective positions prior to the agreement.[6]    Like the supplemental agreement in *Rollins,* the Notice of Compensation Payable in this case is illegal under the Ridesharing Act and, as such, is wholly null and void and should be treated as if it never existed.[7]

*Will v. Department of Transportation, Bureau of Driver Licensing,* 163 Pa.Commonwealth Ct. 348, 641 A.2d 624 (1994), is also instructive here.    In *Will,* we refused to reinstate a three month vehicle registration suspension imposed by the Department of Transportation because section 1786(d) of the

---

**5.** Section 407 of the Act states in pertinent part:

> any agreement made ... permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void....

77 P.S. § 731.    In *Rollins,* the agreement provided that the claimant would accept $10,000 in full settlement of the claim in return for a promise to forego any right to future benefits, which is a commutation of payments contrary to the provisions of the Act.

**6.** The Court cited *Leaseway Systems, Inc. v. Workmen's Compensation Appeal Board,* 53 Pa.Commonwealth Ct. 520, 526, 418 A.2d 796, 799 (1980) (citation omitted) (emphasis in original), which states:

> The agreement ... is *wholly* null and void and unenforceable as to all provisions of the agreement and as to all parties.    In other words, we must treat it as if it never existed.    The result of a decision such as this, of course, is that the parties are returned to their status as it was before they entered into the agreement.

**7.** Moreover, in *Fiedler v. National Tube Co.,* 161 Pa.Superior Ct. 155, 53 A.2d 821 (1947), the court addressed whether a workmen's compensation agreement between an employer and a widow should be set aside because it was based on a mistake of fact; *i.e.,* that this widow was the lawful dependent widow of the decedent.    In determining the outcome in *Fiedler,* the court stated as a principle of law that a woman cannot legally have two husbands at the same time; and if a woman who has previously married enters into a second marriage, then the second marriage is void ab initio.    *Fiedler.*    If the court had determined that the second marriage was void ab initio, then the agreement would likewise have been null and void.

If an agreement based on false facts can be null and void, then certainly a notice of compensation payable based on illegality can be null and void.

Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1786(d), did not authorize such a suspension. We stated that "although Will was precluded from filing a brief, and has waived all issues and theories of law, *the law itself cannot be waived, nor may a court grant a remedy not authorized by law.*" *Will,* 163 Pa.Cmwlth.Ct. at 350–351, 641 A.2d at 625–26 (emphasis added). Similarly here, we cannot ignore the legal effect of the Ridesharing Act. If we do so, then we are permitting the payment of compensation benefits that are not authorized by law. This court is not empowered to provide judicial relief that is unlawful. *See* section 562 of the Judicial Code, 42 Pa.C.S. § 562.

Accordingly, I would reverse the order of the Board, treat the Notice as if it never existed and return the parties to the status existing prior to the execution of the Notice.[8]

---

**8.** I note that the Board rendered its decision out of concern that Claimant would be barred by the statute of limitations in bringing a civil suit against Employer. However, Employer indicates in its brief that Claimant has already initiated a civil suit against Employer. (*See* Employer's Brief at 12.)