**Shawn MORRISON, Petitioner**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (ROTHMAN IN-STITUTE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 2010.

Decided Nov. 23, 2010.

Patrick M. Donan, Philadelphia, for petitioner.

Victoria R. Fogel, Blue Bell, for respondent Rothman Institute.

BEFORE: PELLEGRINI, Judge, McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Shawn Morrison (Claimant) petitions for review of the March 9, 2010, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) denying Claimant's claim petition. We also affirm.

Claimant worked for Rothman Institute (Employer) for approximately three years prior to his discharge on January 19, 2007. On June 6, 2007, Employer filed a notice of workers' compensation denial, which acknowledged that an April 4, 2006, injury in the nature of a lumbar sprain/strain took place, but denied that Claimant was disabled as a result of the injury. (Reproduced Record (R.R.) at 1a.) On June 15, 2007, Claimant submitted a claim petition alleging that he sustained a work-related injury to his lower back and right leg; Claimant sought lost wages, medical bills, and counsel fees. Employer filed a timely answer denying those allegations, and the matter was assigned to a WCJ.

In support of his claim petition, Claimant testified that he worked for Employer as an x-ray clerk from October 18, 2004, to January 19, 2007. Claimant stated that on April 19, 2006, he was called to the MRI office to assist a patient who had fallen from a wheelchair. Claimant indicated that, after he lifted the man back into the wheelchair, he walked upstairs to his department and experienced pain in his back and right leg. Claimant testified that he submitted an incident report to his manager, Lynn West, that day and also scheduled an evaluation with Theodore D. Conliffe, M.D., a physician at the Rothman Institute, for May 24, 2006. Claimant stated that he continued working for Employ-

er without accommodations until January, 19, 2007, when Employer terminated his employment. Claimant added that he applied for and received unemployment benefits, which continued until June 24, 2007, when he began working for his current employer, Delaware Valley Community Health.

Claimant offered Dr. Conliffe's May 24, 2006, evaluation, which indicates that Claimant denied any injury to Dr. Conliffe and instead reported a three year history of chronic recurrent lower back pain, which began insidiously and worsened over the preceding six months. At that time, Dr. Conliffe diagnosed Claimant with chronic lower back pain but scheduled an MRI to rule out the possibility of lumbar disc herniation. Dr. Conliffe referred Claimant for the MRI, prescribed Celebrex and physical therapy, and recommended that Claimant return for a reevaluation in six weeks. (WCJ's Finding of Fact No. 5.)

Claimant provided the radiology report from his July 15, 2006, lumbar MRI, which revealed a broad-based right posterolateral L4–L5 disc herniation with associated mild central canal stenosis and a broad-based left posterolateral L5–S 1 disc herniation with associated mild central canal stenosis. The radiologist concluded that Claimant had mild to moderate disc disease at L4–L5 and L5–S1. (WCJ's Finding of Fact No. 6.)

Claimant also submitted Dr. Conliffe's May 16, 2007, progress note, which provides the following:

> The patient does inform that he was initially injured while moving a patient during the course of his duty as an x-ray technician. This was initially not reported in his evaluation on May 24, 2006.

(R.R. at 71a.) Dr. Conliffe's progress note concludes that Claimant continues to experience lower back pain and lumbar disc herniation. Dr. Conliffe prescribed additional pain medications and outpatient therapy with a local chiropractor, and he suggested reevaluation in approximately two months. (WCJ's Finding of Fact No. 7.)

Claimant provided a January 9, 2008, report from Michael McCoy, M.D. Following a physical examination and review of Claimant's medical history, Dr. McCoy diagnosed Claimant with lumbosacral strain and sprain with symptomatic disc herniation, right lumbar radiculopathy and myospasm/myofascitis. Dr. McCoy opined that Claimant's conditions were all related to the April 19, 2006, work injury, and he recommended physical therapy as well as an updated MRI and EMG. (WCJ's Finding of Fact No. 8.)

Finally, Claimant provided the radiologist's report from a June 4, 2008, lumbar MRI, which revealed evidence of L4–L5 and L5–S1 degenerative disc disease with bilateral foraminal narrowing at L4–L5, but no significant canal stenosis. The radiologist added that the MRI was otherwise unremarkable. (WCJ Finding of Fact No. 9.)

In opposition to the claim petition, Employer offered the deposition testimony of Kathy Kutufaris, Director of Human Resources. Ms. Kutufaris testified that Claimant received several warnings about adhering to a work schedule, insubordination, and non-work-related internet usage prior to his termination for lack of performance and working unauthorized overtime. (WCJ's Findings of Fact No. 10.) Ms. Kutufaris testified that, following Claimant's discharge, Dr. Conliffe called to inform her that Claimant sustained a work-related injury and that she then reviewed Claimant's personnel file where she discovered an incident report. Ms. Kutufaris testified that she was not certain who

provided the incident report to her office or when it was submitted, but that the report was submitted on a form typically used for performance management issues, rather than Employer's incident report form, and it was not signed by a manager.[1] (WCJ's Finding of Fact No. 11.) Ms. Kutufaris also explained that employees injured while working were required to utilize panel doctors rather than Employer's doctors in order to avoid conflicts of interest. Ms. Kutufaris further testified that she receives medical reports and updates on employees treating for work-related injuries but that she never received medical reports regarding Claimant. Ms. Kutufaris testified that Claimant did not complain of any physical problems performing his job and that she was not aware that Claimant sustained a work-related injury until she reviewed Claimant's personnel file after he was discharged. (WCJ's Finding of Fact No. 12.)

Employer also offered the deposition testimony of Lynn West, Employer's Director of Operations. Ms. West testified that she interacted with Claimant regularly and that Claimant never notified her of a work-related injury or any need for physical accommodations. Ms. West also stated that Claimant's managers did not inform her that Claimant sustained a work injury. Ms. West testified that Employer terminated Claimant's employment due to attendance and performance-related issues. (WCJ's Findings of Fact, Nos. 13–14.)

In addition, Employer submitted records from the Pennsylvania Department of Labor and Industry, including a determination of overpayment of benefits that resulted from Claimant's failure to report his earnings from Delaware Valley Community Health in June and July of 2007. The Department of Labor and Industry determined that this was a fault overpayment and recommended Claimant's prosecution. (WCJ's Finding of Fact No. 18.)

Finally, Employer offered the medical reports of Karl Rosenfeld, M.D., a board certified orthopedic surgeon. Dr. Rosenfeld conducted an independent medical evaluation of Claimant on August 14, 2007, and concluded that Claimant sprained his back and would be best served by a six-week period of physical therapy and anti-inflammatory medication. Dr. Rosenfeld opined that, although Claimant's MRI report revealed some stenosis at L4–L5, Claimant's physical examination was completely normal. Dr. Rosenfeld requested the opportunity to review the actual MRI film. (WCJ's Finding of Fact No. 16.)

On April 28, 2008, Employer's counsel wrote a letter to Dr. Rosenfeld, indicating that the MRI film was available for his review and enclosing Dr. Conliffe's office notes of May 24, 2006. Counsel's letter also informed Dr. Rosenfeld that: Dr. Conliffe was not an approved panel physician; Claimant was not referred to Dr. Conliffe by Employer; Claimant was disciplined on May 24, 2006, the day he first visited Dr. Conliffe for his evaluation; Claimant denied a specific injury to Dr. Conliffe on May 24, 2006; and Claimant reported his injury to Employer on a form typically used to document employee performance issues. (R.R. at 354a–55a.) Counsel requested that Dr. Rosenfeld complete an addendum report following his review of Claimant's MRI film and Dr. Conliffe's May 24, 2006, evaluation.

1. Although uncertain when or by whom the incident report was placed in Claimant's personnel file, Employer proceeded to contact its insurance carrier before issuing a notice of compensation denial. We note that the answers to these questions would not change the result of this case.

Dr. Rosenfeld completed the addendum report on May 2, 2008. In this subsequent report, Dr. Rosenfeld stated that, although the herniated discs at L4–L5 and L5–S1 were real radiographically, the MRI findings did not correlate with claimant's physical examination, which was normal. Dr. Rosenfeld also observed that Claimant did not inform him of the history of chronic back pain that Claimant mentioned during Dr. Conliffe's evaluation. Based on his review of the MRI and Dr. Conliffe's evaluation, Dr. Rosenfeld concluded that Claimant's symptoms were causally related to a pre-existing condition and not a work injury, as he had originally concluded. (WCJ's Finding of Fact No. 17.)

The WCJ accepted the deposition testimony of Ms. West and Ms. Kutufaris as credible and persuasive, observing that their testimony was consistent and supported by evidence of record. (WCJ's Finding of Fact No. 19.) The WCJ also accepted Employer's medical evidence as credible and persuasive, noting that the opinions expressed by Dr. Rosenfeld were supported by his review of Claimant's medical records from Dr. Conliffe. (WCJ's Finding of Fact No. 21.) The WCJ rejected Claimant's testimony as not credible, citing the absence of any corroborating evidence of record and Claimant's failure to report his earnings from Delaware Valley Community Health to the De-

partment of Labor and Industry. (WCJ's Findings of Fact, Nos. 18–19.) The WCJ also determined that Claimant's medical evidence was not credible or persuasive because Dr. Conliffe's evaluation indicates that Claimant denied a specific injury and instead related a history of chronic back pain and that Dr. McCoy's report was based on a history provided by Claimant whose testimony the WCJ rejected. (WCJ's Finding of Fact No. 20.) Based on these credibility determinations, the WCJ concluded that Claimant failed to present substantial competent evidence to satisfy his burden of proving he sustained a disabling work-related injury on April 19, 2006, and denied Claimant's claim petition. (WCJ's Conclusion of Law No. 2.) Claimant appealed to the WCAB, which affirmed the WCJ's decision.

On appeal to this Court,[2] Claimant asserts that the WCJ erred in denying his claim petition because Employer's notice of compensation denial was untimely[3] and acknowledged that Claimant suffered a work injury. Therefore, Claimant asserts Employer was estopped from denying a work place injury.[4]

In an original claim petition, a claimant bears the burden of proving all of the elements necessary to support an award of benefits. *Inglis House v. Work-*

**2.** Our scope of review is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** The Regulations at 34 Pa.Code §§ 121.13 and 121.7, require an employer to file a notice of compensation denial or notice of compensation payable within twenty-one days of notice or knowledge of an employee's disability. Here, Claimant failed to provide credible testimony to establish when Employer knew

of the alleged disabling work injury and, therefore, cannot establish that the notice of compensation denial was not timely issued.

**4.** In support, Claimant relies on *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983), and *County of Schuylkill v. Workmen's Compensation Appeal Board (Lawlor)*, 151 Pa. Cmwlth. 97, 617 A.2d 46 (1992), both of which involved admissions made in notices of compensation payable, not notices of compensation denial and, therefore, are inapplicable to the case at hand.

*men's Compensation Appeal Board (Reedy),* 535 Pa. 135, 634 A.2d 592 (1993). Thus, a claimant must establish that he sustained an injury during the course of his employment and that he is disabled as a result of that injury. *Id.* For purposes of workers' compensation benefits, the term disability is synonymous with loss of earning power. *Coyne v. Workers' Compensation Appeal Board (Villanova University),* 942 A.2d 939 (Pa.Cmwlth.2008). The claimant's burden to prove disability never shifts to the employer. *Id.* Therefore, when an employer issues a notice of compensation denial, which acknowledges an injury but disputes disability, the claimant maintains the burden to prove he is entitled to benefits.[5]

Here, the WCJ concluded that Claimant did not credibly or persuasively establish that he sustained a disabling work injury. Specifically, the WCJ found as follows:

> Claimant testified that he had physical problems performing his job between April 2006 and January 2007. This WCJ notes that claimant's testimony on this issue was not corroborated by any other evidence of record, such as reports from physicians outlining job restrictions for him in the April 2006–to–January 2007 timeframe due to a work injury. Ms. Kutufaris and Ms. West credibly both testified that claimant did not complain to them of physical problems performing his job in the April 2006–to–January 2007 period, that Claimant never asked them for job modifications in that period, that they did not see medical records documenting that claimant was treating for a work injury in that period and the Claimant was terminated from employment in January 2007 for attendance-related and performance-related issues.

(WCJ's Finding of Fact No. 19.) Thus, although the notice of compensation denial acknowledges "an injury," Claimant failed to establish that the injury was disabling. Indeed, Claimant continued to work for Employer without any accommodation or loss of earnings until his employment was terminated on January 19, 2007.

■ Next, Claimant contends that the WCJ's decision was not well-reasoned because the WCJ did not accurately summarize the testimony of the fact witnesses.[6] However, our careful review of the record reveals that the WCJ faithfully summarized the testimony of Ms. Kutufaris and Ms. West. Moreover, the WCJ adequately explained his reasons for rejecting Claimant's testimony and instead accepting the deposition testimony of Ms. West and Ms. Kutufaris; the WCJ observed that Claimant's testimony was not corroborated by

---

5. Similarly, although every fact in a claim petition is deemed admitted when an employer fails to file a timely answer, the claimant maintains the burden to prove all elements necessary to support an award of benefits. *Dandenault v. Workers' Compensation Appeal Board (Philadelphia Flyers),* 728 A.2d 1001 (Pa.Cmwlth.1999). In any event, the notice of compensation denial here admits that "an injury took place" and nothing more. (See LIBC–496, R.R. at 1a.)

6. A decision is "reasoned" if it allows for adequate review by the WCAB without further elucidation and if it allows for adequate review by the appellate courts under applicable review standards. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport),* 574 Pa. 61, 828 A.2d 1043 (2003). Pursuant to section 422(a) of the Workers' Compensation Act, Act of June 2, 1915. P.L. 736, as *amended,* 77 P.S. § 834, a WCJ presented with conflicting evidence "must adequately explain the reasons for rejecting or discrediting competent evidence." Accordingly, when a WCJ is not afforded the opportunity to view a witness' demeanor, the WCJ must articulate an objective basis for his or her credibility determination. *Higgins v. Workers' Compensation Appeal Board (City of Philadelphia),* 854 A.2d 1002 (Pa.Cmwlth.2004).

any other evidence while the deposition testimony of Ms. West and Ms. Kutufaris was consistent and supported by evidence of record. (Referee's Finding of Fact No. 19.) Accordingly, we discern no merit to Claimant's assertions that the WCJ failed to issue a reasoned decision.

 Finally, Claimant contends that the opinions expressed in Dr. Rosenfeld's May 2, 2008, addendum report are incompetent as a matter of law because Dr. Rosenfeld relied on an inaccurate recitation of facts given to him by defense counsel.[7] However, in the addendum report, Dr. Rosenfeld concludes that Claimant's lower back pain "can now be looked upon as a pre-existing condition based on [the] MRI findings and [Claimant's] history of 'chronic pain' as offered to Dr. Conliffe in July of 2006." (R.R. at 357a.) Because Dr. Rosenfeld's addendum report was based on his review of Claimant's MRI and Dr. Conliffe's evaluation, we conclude that Dr. Rosenfeld's medical opinion is based on evidence of record and, therefore, competent.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of November, 2010, the order of the Workers' Compensation Appeal Board dated March 9, 2010, is hereby affirmed.

---

**7.** As Claimant correctly observes, an expert's opinion based on facts not of record is legally incompetent. *Newcomer v. Workmen's Com-*

*pensation Appeal Board (Ward Trucking Corp.),* 547 Pa. 639, 692 A.2d 1062 (1997).