IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zeus Fuentes Beristain,         :
          Petitioner     :
                              :
     v.                :  No. 46 C.D. 2021
                              :  SUBMITTED: September 3, 2021
Broadcom Inc. (Workers'       :
Compensation Appeal Board),  :
          Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: November 15, 2021

Zeus Fuentes Beristain (Claimant) petitions this Court for review of the December 23, 2020 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) denying Claimant benefits under the Workers' Compensation Act (Act).[1] The issue on appeal is whether the WCJ failed to issue a reasoned decision under Section 422(a) of the Act.[2] After review, we affirm.

## I. Background

Claimant worked as a fabrication support operator for Broadcom, Inc. (Employer). Certified Record (C.R.), Item No. 2. On May 14, 2018, Claimant

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Section 422(a) of the Act provides, in pertinent part, that "[a]ll parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." 77 P.S. § 834.

notified his supervisor that he suffered a work injury to his lower back. *Id.* Employer denied liability for the alleged work injury in a Notice of Workers' Compensation Denial issued on September 14, 2018. C.R., Item No. 23. Thereafter, Claimant filed a claim petition on October 8, 2018, alleging that he suffered a work injury on May 14, 2018, which consisted of lumbar disc protrusions caused by the repetitive nature of his job. *Id.*, Item No. 2. As a result of the alleged work injury, Claimant sought partial disability benefits for the period of May 14, 2018, through September 16, 2018, and total disability benefits from September 17, 2018, and ongoing. *Id.* Employer denied the allegations. *Id.*, Item No. 4.

## A. Claimant's Evidence

Claimant testified at a hearing before the WCJ on January 31, 2019. He worked for Employer for approximately two years, beginning in 2016 until his last day of work on September 17, 2018. C.R., Item No. 12, Notes of Transcript (N.T.) at 8. Claimant's job duties, performed in 12-hour shifts, consisted of polishing and grinding lightweight silicon wafers, which largely required that Claimant stand and lean forward while rotating his upper body. *Id.* at 10-12. At other times, Claimant sat while recording product measurements on spreadsheets. *Id.* at 10.

In March 2018, Claimant began to experience pain in his lower back, which eventually spread to his lower legs. *Id.* at 15-16. Claimant asserted that he reported the onset of these pain symptoms to his supervisor and continued to work his regular duties. *Id.* at 16, 18. Claimant eventually sought treatment from Jason Ly, D.O., who prescribed physical therapy and recommended that Claimant stand on an anti-fatigue mat while working. *Id.* at 20. Employer initially provided Claimant with modified-duty work, which allowed him to avoid repetitious work that involved leaning, flexing, or rotating his upper body. *Id.* at 22. During a September 17, 2018

2

meeting, however, Employer notified Claimant that it could not guarantee him a position with those work restrictions. *Id.* at 24. Claimant worked half his shift and left. *Id.* He has not worked since September 17, 2018. *Id.*

Claimant testified that he did not have any physical restrictions prior to working for Employer, nor did he have any problems with his neck or back. *Id.* at 12-13. While Claimant's symptoms have improved with treatment, he does not feel capable of returning to his pre-injury job. *Id.* at 27-28. During cross-examination, Claimant acknowledged that the onset of pain in his lower back was gradual and not the result of a specific event. *Id.* at 32. Claimant agreed that he continues to experience pain, although it has improved since he stopped working. *Id.* at 33. He further agreed that performing chores, such as cleaning and shopping, elicited the same pain he experienced while working. *Id.* at 36.

Samuel Grodofsky, one of Claimant's treatment providers, testified at an April 8, 2019 deposition that he first examined Claimant on December 6, 2018. C.R., Item No. 16, N.T., 4/8/19, at 8. Claimant related to Dr. Grodofsky that he performed his job in a hunched-over position for long periods of time under poor ergonomic conditions. *Id.* The pain in Claimant's lower back began "on or around" May 14, 2018. *Id.* Claimant asserted that he had not experienced this type of pain prior to May 2018. *Id.* at 9.

During the examination, Claimant sat in a "tripod position," which Dr. Grodofsky stated is common with patients trying to relieve pain and pressure on their lower back. *Id.* at 10. Dr. Grodofsky noted a positive straight leg test on both sides. *Id.* at 11. A September 28, 2018 magnetic resonance imaging (MRI) study of Claimant's lumbar spine revealed a disc protrusion at the L5-S1 level, which Dr. Grodofsky attributed to repetitive trauma Claimant experienced as a result of his

3

poor ergonomic working conditions. *Id.* at 13-14. Dr. Grodofsky has not released Claimant to work, as he felt Claimant made progress with treatment, but he could experience setbacks with a return to work. *Id.* at 17.

Dr. Grodofsky disagreed with the results of an independent medical examination (IME) performed by Roger Componovo, M.D., who opined that Claimant's symptoms were out of proportion to his objective findings and they did not correlate to the findings in the September 28, 2018 MRI. *Id.* at 22-23. Dr. Grodofsky also disagreed with Dr. Componovo's opinion that Claimant's lower back condition was not related to his work environment. *Id.* at 24.

On cross-examination, Dr. Grodofsky conceded that Claimant's medical records from his regular treatment provider, Allen Smith,[3] documented that Claimant suffered from lower back pain in March 2016; however, Dr. Grodofsky did not feel that this "isolated diagnosis" indicated Claimant "truly suffer[ed] from function-limiting chronic back low back pain since 2016." *Id.* at 30-31. While he agreed that Dr. Ly's records indicated that Claimant expressed pain while driving and "walking around not doing anything[,]" and that his symptoms continued despite not working, Dr. Grodofsky maintained that Claimant's symptoms were related to a "traumatically-induced disc protrusion" caused by his working conditions. *Id.* at 33, 40, 52.

Claimant also presented the July 8, 2019 deposition transcript of Smith, who began treating Claimant on March 10, 2016. C.R., Item No. 17, N.T., 7/8/19, at 21, Ex. C-3. Smith clarified that he began treating Claimant for chronic lower back pain on August 24, 2018. *Id.* at 25. He described a chronic condition as one that lasts for more than six months. *Id.* Smith acknowledged that Claimant's medical records

---

[3] Smith is a certified registered nurse practitioner.

reflected two entries for chronic back pain; however, he advised that the second entry was a duplicate of the first. *Id.* at 33, 35. It did not indicate a diagnosis of chronic back pain prior to August 24, 2018. *Id.* at 33, 35.

### B. Employer's Evidence

Employer presented the February 1, 2019 IME report and May 7, 2019 deposition testimony of Dr. Componovo. C.R., Item Nos. 20-21. Dr. Componovo performed a physical examination and reviewed Claimant's medical records, including the September 28, 2018 MRI. C.R., Item No. 21, N.T., 5/7/19, at 7. Dr. Componovo stated that Claimant sat comfortably throughout the IME. *Id.* at 13. His movements were slow and methodical, but normal, and Claimant walked easily on his heels and toes. *Id.* Dr. Componovo did not detect any spasm or tenderness in Claimant's spine. *Id.* He detected decreased sensation in Claimant's lower left extremity, but the straight leg test results were normal. *Id.* at 14.

Dr. Componovo agreed that the September 28, 2018 MRI documented a disc protrusion at the L5-S1 level. *Id.* at 17. As the MRI did not evidence any root compression, however, Dr. Componovo did not believe the disc protrusion was responsible for Claimant's symptoms. *Id.* Dr. Componovo considered the MRI findings "extremely mild," and he could not correlate them with Claimant's subjective complaints of pain. *Id.* at 19. While Claimant "clearly" had a degenerating disc at the L5-S1 level, Dr. Componovo was not aware of any mechanism of injury or work exposure that would have caused Claimant's symptoms, and he felt that Claimant's symptoms were "more likely than not" unrelated to his job. *Id.* at 21.

5

## C. WCJ Decision

The WCJ circulated his decision on January 23, 2020. C.R., Item No. 7, WCJ Decision. He rejected Claimant's testimony as not credible based on his personal observation of Claimant while testifying. *Id.* at 3. Dr. Grodofsky's testimony was also deemed not credible to establish a connection between Claimant's work duties and the poor condition of his lumbar spine. *Id.* at 4. The WCJ reasoned that Dr. Grodofsky's knowledge of Claimant's work duties came exclusively from Claimant, whose testimony was discredited. *Id.* As a result, the WCJ found that Dr. Grodofsky lacked sufficient knowledge of Claimant's work duties to support his opinion that their repetitive nature caused the alleged work injury. *Id.* The WCJ found that Smith's testimony was not relevant or persuasive, as it was presented for the purpose of establishing the onset of Claimant's lower back pain. *Id.*

Because Claimant failed to offer any credible, relevant testimony establishing the contested elements in his claim petition, the WCJ deemed it unnecessary to further address Dr. Componovo's testimony. *Id.* at 4-5. Accordingly, in the absence of evidence proving that Claimant sustained a work injury, the WCJ denied his claim petition. *Id.* at 5, 7. Claimant appealed to the Board, which affirmed. C.R., Item No. 10.

## II. Issue

Claimant argues on appeal[4] that the WCJ failed to issue a reasoned decision under Section 422(a) of the Act because the WCJ did not articulate his reasons for

---

[4] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.)*, 176 A.3d 1045, 1051 n.4 (Pa. Cmwlth. 2018). Substantial evidence is relevant evidence that a reasonable mind would **(Footnote continued on next page…)**

finding Claimant's testimony not credible, and he did not make any credibility determinations with regard to the testimony of Employer's expert, Dr. Componovo.

## III. Discussion

The burden of proof in an original claim petition rests on the claimant to prove all the elements necessary to support an award of benefits under the Act. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). The claimant's burden to prove disability never shifts to the employer. *Morrison v. Workers' Comp. Appeal Bd. (Rothman Inst.)*, 15 A.3d 93, 98 (Pa. Cmwlth. 2010). In a case where the employer has acknowledged an injury but disputed disability through issuance of a notice of compensation denial, the claimant maintains the burden to prove he is entitled to benefits. *Id.*

Section 422(a) of the Act requires the WCJ to issue a decision that allows for adequate review by the appellate courts. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1052 (Pa. 2003). When the WCJ has the advantage of seeing the witnesses testify and assessing their demeanor, a mere conclusion as to which witness was deemed credible is sufficient to render the decision adequately reasoned under Section 422(a). *Id.* at 1053. Where a medical expert testifies solely by deposition, however, the WCJ must support his credibility determinations with something more than a mere announcement that one expert is more credible than another. *Id.* In that circumstance, the WCJ must offer "some articulation of the actual objective basis for the credibility determination." *Id.* Section 422(a) does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. *Dorsey v. Workers' Comp. Appeal Bd.*

---

deem adequate to support a conclusion. *Iacono v. Worker's Comp. Appeal Bd. (Chester Housing Auth.)*, 624 A.2d 814, 817 (Pa. Cmwlth. 1993).

7

*(Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006). Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal. *Green v. Workers' Comp. Appeal Bd. (US Airways)*, 28 A.3d 936, 940 (Pa. Cmwlth. 2011).

Claimant argues that the WCJ erred when he failed to address Dr. Componovo's testimony, which Claimant asserts corroborates his evidence that he suffered a compensable work injury. Claimant contends, therefore, that the WCJ had a duty to provide additional findings of fact explaining his rationale for discrediting Claimant's testimony.

It is important to note that Claimant has not challenged the WCJ's reasons for rejecting Dr. Grodofsky's testimony. Rather, Claimant argues, without citation to relevant legal authority, that the WCJ's rejection of *Claimant's live testimony* necessitated additional fact finding beyond the standard articulated in *Daniels*. Claimant's argument is without merit, as Claimant testified in person and *Daniels* is satisfied by the WCJ's conclusion that Claimant was not credible. This sufficiently fulfills the reasoned decision requirement in Section 422(a), and the WCJ was not required to provide any further basis for his rejection of Claimant's testimony.

Moreover, we cannot agree that the WCJ erred when he failed to render a credibility determination with regard to Dr. Componovo. Although Section 422(a) required that the WCJ make "findings of fact and conclusions of law based upon the evidence as a whole," he was not required to address all the evidence presented. *Montgomery Tank Lines v. Workers' Comp. Appeal Bd. (Humphries)*, 792 A.2d 6 (Pa. Cmwlth. 2002). Rather, he only had to make the findings necessary to resolve the issues raised by the evidence and relevant to the decision. *Id.* The WCJ has complete authority over questions of credibility, conflicting medical evidence, and

evidentiary weight, and he is free to accept, in whole or in part, the testimony of any witness, including medical witnesses. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015).

The issue to be resolved by the WCJ was whether Claimant suffered a work injury. The WCJ acknowledged Dr. Componovo's testimony but declined to discuss it at length because Claimant failed to carry his burden of proving the existence of a work injury. Our review of Dr. Componovo's testimony suggests that an in-depth analysis, had the WCJ engaged in one, would not have served Claimant's cause. Dr. Componovo acknowledged that Claimant received treatment for pain in his lower back and he agreed that the September 28, 2018 MRI revealed the presence of a disc protrusion at the L5-S1 level. As to the *cause* of Claimant's lower back pain and the condition of his lumbar spine, however, Dr. Componovo maintained throughout his testimony, and in his written IME report, that "no significant mechanism of injury or work[-]related exposure" was responsible for Claimant's current symptoms. C.R., Item No. 21, N.T., 5/7/19, at 19, 21, Ex. D-2 at 3. It cannot be said, therefore, that Dr. Componovo's testimony was necessary and relevant to resolving the issue before the WCJ.

As Claimant failed to meet his burden of proof on the claim petition, the Board properly upheld the WCJ's denial of same. Accordingly, we affirm the Board.

_____
ELLEN CEISLER, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zeus Fuentes Beristain,            :
             Petitioner     :
                          :
      v.                 :  No. 46 C.D. 2021
                          :
Broadcom Inc. (Workers'      :
Compensation Appeal Board),  :
            Respondent  :

# **O R D E R**

AND NOW, this 15th day of November, 2021, the December 23, 2020 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____

ELLEN CEISLER, Judge