518 A.2d 904

Charles J. Abbott d/b/a Abbott Beer Distributors and Insurance Company of North America, Petitioners *v.* Workmen's Compensation Appeal Board (Serwatka), Respondents.

Argued October 9, 1986, before Judges BARRY, COLINS (P.) and PALLADINO, sitting as a panel of three.

*Richard L. McMillan,* for petitioners.

*Edward H. Walter, Jubelirer, Pass & Intrieri, P.C.,* for respondent, Thomas Serwatka.

OPINION BY JUDGE BARRY, December 18, 1986:

Charles J. Abbott d/b/a Abbott Beer Distributors (the employer) and the Insurance Company of North America, the petitioners, appeal an order of the Workmen's Compensation Appeal Board (Board) which af-

firmed a decision of the referee denying petitioners' termination petition and, accordingly, permitting the claimant, Thomas Serwatka, to continue to collect benefits for total disability.

In December of 1981, the claimant suffered a cervical strain while working as a truck driver for the employer. He began collecting for total disability pursuant to a notice of compensation payable. On February 24, 1983, the employer filed a termination petition accompanied by an affidavit of recovery signed by the claimant's treating physician, Dr. Jonathan Hottenstein. Dr. Hottenstein was deposed by the employer and testified that, following an examination on January 11, 1983, he had released claimant to return to work with no limitations. Dr. Hottenstein recognized that claimant was still suffering some pain but hoped that he would be able to return to his former duties. Claimant attempted to return to work, but was informed that no work was available.

In early February of 1983, the claimant attempted to move a sofa away from a wall when he experienced extreme pain in the same part of his body as with the work related injury. Claimant went back to Dr. Hottenstein for an examination. Subsequently, Dr. Hottenstein was deposed by the claimant and then testified that he had changed his opinion and now believed that claimant could only return to light work, lifting no more than twenty to twenty-five pounds. Dr. Hottenstein testified that the onset of the pain in moving the sofa was an indication to him that the claimant had not, in fact, sufficiently recovered to return to work as a truck driver, which required the claimant to lift, *inter alia,* kegs of beer which weighed more than the twenty-five pound limitation placed on the claimant.

Upon review of the two depositions, the referee chose to believe the latter deposition in which the phy-

sician opined that the claimant had recovered only enough to do light duty work. Since the employer failed to introduce any evidence concerning job availability within claimant's limitations, the referee denied the termination petition and permitted the payments for total disability to continue. The Board affirmed and this appeal followed.

In a termination petition, the employer bears the burden of proving either that the claimant's disability has ceased or is no longer the result of the work related incident. *Blair v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 459, 471 A.2d 1289 (1984). Our scope of appellate review, following the Supreme Court's recent decision in *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), is limited to determining whether constitutional rights have been violated, whether an error of law has been committed and whether the factual findings necessary to support the adjudication are supported by substantial evidence.

As this appeal and brief were filed before the decision in *McGovern,* the employer first argues that the referee capriciously disregarded competent testimony, *i.e.,* the testimony taken of Dr. Hottenstein at the first deposition where he stated that, as of the January 11, 1983 examination, claimant had sufficiently recovered to return to his former duties. Such a statement of scope of review will no longer be recognized on appeal. Nonetheless, even under the *McGovern,* standard, we have no problem in accepting factual findings in this case. The employer fails to mention Dr. Hottenstein's testimony at the second deposition, where the doctor testified that the onset of pain following an attempt to move a sofa was indicative that the claimant could not return to his former duties as a truck driver. At both

depositions Dr. Hottenstein noted that claimant was still suffering pain but, in Dr. Hottenstein's view, the pain would not be such to prevent claimant from working as a truck driver. Subsequent events proved Dr. Hottenstein to be wrong, which he candidly admitted during the second deposition. Questions of credibility are left to the referee and the referee here chose to believe the testimony of Dr. Hottenstein when he admitted that he had been mistaken in his original opinion that claimant could return to his former duties. The referee's belief of this testimony cannot constitute the basis of a reversal on appeal. Further, this testimony is substantial evidence capable of supporting the referee's finding that the employer had failed to meet its burden of proving the necessary facts on a termination petition.

The petitioners also argue that the referee committed an error of law in requiring the petitioners to "prove that the claimant had completely recovered from every minor complaint associated with his injury rather than the proper test for a termination of benefits which is whether the claimant had recovered sufficiently from his injury to return to his former job without limitation." (Petitioners' Brief, Statement of the Questions Involved III). Petitioners argue that, if claimant was disabled after the incident with the sofa, any disability is attributable to a non-work-related incident. The referee specifically found that Dr. Hottenstein never testified that the sofa incident caused the claimant's disability. (Referee's Finding of Fact # 11, 9/26/84). Our review of the record shows this finding to be correct. As we have already stated, Dr. Hottenstein testified that the sofa incident convinced him that claimant had not recovered enough to return to his prior job as a truck driver without limitation. In this context, the referee did not commit an error of law as alleged by petitioners.

Affirmed.

ORDER

NOW, December 18, 1986, the order of the Workmen's Compensation Appeal Board, dated October 18, 1985, at No. A-89154, is affirmed.