**James JASKIEWICZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JAMES D. MORRISEY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 28, 1994.

Decided Dec. 8, 1994.

Kathy Kennedy, for petitioner.

Anthony J. Bilotti, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

James Jaskiewicz (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed in part and amended a referee's grant of James D. Morrisey, Inc.'s (Employer) review and termination petitions for Claimant's work-related injury. We affirm.

Claimant suffered a work-related injury and Employer accepted liability and issued a notice of compensation payable. Thereafter, Employer filed a review petition alleging Claimant's medical treatment as neither reasonable nor necessary, but this review petition was withdrawn without prejudice, as the parties had reached an agreement. Subsequently, Employer filed a modification petition alleging that Claimant's disability had changed and Claimant was able to return to work. Thereafter, the referee granted Employer's supersedeas request to the extent of lowering Claimant's benefits to partial status.[1] Soon thereafter, Employer filed a termination petition alleging that Claimant's work-related injury had entirely ceased.

As a result of a hearing, the referee granted Employer's review and termination petitions, dismissed Employer's modification petition as moot and denied Claimant's penalty petition. The referee found that Claimant's injury had ceased on August 28, 1989. The Board affirmed, but ordered Employer to pay Claimant's medical expenses until April

---

1. Despite this order, Employer allegedly unilaterally stopped paying Claimant partial disability benefits as of January 24, 1991. As a result, on March 5, 1991, Claimant amended his answer to Employer's modification petition to include a request for penalties.

22, 1993, the date of circulation of the referee's order.[2]

Claimant raises two issues on appeal to this Court.[3] Claimant asserts that, first, substantial evidence does not support the referee's finding that Claimant fully recovered from his work-related injury and, second, that the referee incorrectly dismissed Claimant's penalty petition as moot.

■ Claimant argues that the testimony of Barbara Shelton, M.D., Employer's medical witness, does not contain substantial evidence[4] to support the referee's finding of fact that Claimant's work-related injury had ceased.[5]

■ An employer who petitions for a termination of benefits must prove that a claimant's disability has ceased *or* that any remaining disability is not a result of the original work-related injury. *McFaddin v. Workmen's Compensation Appeal Board (Monongahela Valley Hospital)*, 153 Pa.Commonwealth Ct. 252, 620 A.2d 709 (1993).[6] The referee found, based on Dr. Shelton's testimony, that Claimant had completely recovered from his work-related injury. The referee accepted Dr. Shelton's testimony as being more reliable than that of Claimant's medical witnesses.

■ This Court has continually upheld the referee's broad discretion in considering evidence. If the Board takes no additional evidence, the referee is the final arbiter of the credibility and weight of the evidence. *Volkswagen of America v. Workmen's Compensation Appeal Board (Russell)*, 143 Pa.Commonwealth Ct. 69, 598 A.2d 602 (1991). Furthermore, the referee may additionally disregard the testimony of any witness even though that testimony is uncontradicted. *Id.*

■ Our review of the record reveals substantial evidence supports the referee's finding that Claimant had completely recovered from his work-related injury. Dr. Shelton's testimony contains ample evidence to support the referee's granting of Employer's termination petition.[7] While conflicting medical testimony as to Claimant's full recovery from his work-related injury exists, the referee found Employer's medical witness more credible and convincing than Claimant's medical witnesses. As substantial evidence supports the referee's finding, we will not disturb his decision.

■ Second, Claimant argues that the referee erred in failing to award Claimant penalties under Section 435(d)(i) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77

---

2. The issue of whether the Board correctly granted the medical benefits to Claimant until April 22, 1993 was not raised to this Court and is, therefore, waived.

3. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 492 Pa. 1, 421 A.2d 1060 (1980).

5. Referee Finding of Fact No. 15 states:

Dr. Shelton is found to be competent, credible and persuasive and the Referee accepts and adopts her testimony in its entirety. Specifically, the Referee finds that as of August 8, 1989 Jaskiewicz [Claimant] was completely recovered from his work-related injury and his

then current complaints were from unrelated on-going arthritis. The Referee also finds that as of August 8, 1989 the course of passive physical therapy conducted by Dr. Steinhouse was neither reasonable, necessary nor related to any work-related injury.

6. *See also Abbott v. Workmen's Compensation Appeal Board (Serwatka)*, 102 Pa.Commonwealth Ct. 509, 518 A.2d 904 (1986).

7. Dr. Shelton's testimony, in pertinent part, states:

Q. The symptoms Mr. Jaskiewicz [Claimant] experience, are they in any way related to his alleged December 12, 1988 injury while at work?
A. No. At this time I believe he recovered completely from the work-related injury. I believe originally he was injured and did suffer a sprain and strain of the back and at this particular time, his current complaints are from the on-going arthritis that he has, and will continue to have.
Deposition of Barbara Shelton, M.D., at 21–22.

P.S. § 991(d)(i), as Employer had unilaterally stopped making medical payments as ordered by the referee. The referee, however, concluded that, since he awarded no compensation under the Act, Claimant's penalty petition should be dismissed as moot. We agree.

Section 435(d)(i) of the Act, 77 P.S. § 991(d)(i), states:

Employers and insurers may be penalized the sum not exceeding 10 per centum *of the amount awarded* and interest accrued and payable: Provided, however, That such penalty may be increased to 20 per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same person to whom the compensation is payable. (Emphasis added.)

■ The referee concluded that the Act, as written, only allows penalties if the Claimant is awarded any compensation. We agree that the words "of the amount awarded" indicate the legislature's intention to award penalties only when a claimant is awarded benefits.[8] The penalty is based upon the amount awarded which was zero here. Thus, any other interpretation of this section of the Act would lead to arbitrary results, as referees would be left to award penalties based upon unknown numbers.

Accordingly, we affirm the decision of the Board.

## ORDER

AND NOW, this 8th day of December, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**8.** This Court in *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill),* —— Pa.Commonwealth Ct. ——, 646 A.2d 58 (1994), ruled that an issue of whether penalties are properly assessed against an employer are independent of the merits of that particular case. In *Winkelmann,* the referee issued a decision awarding a 20% penalty on the underlying compensation award. However, in this case, which is factually different, compensation was not awarded by the referee.