**Dwayne WYCHE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PIMCO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided March 11, 1998.

Stephanie R. Coleman, Philadelphia, for petitioner.

Lisa D. Eldridge, Philadelphia, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Dwayne Wyche (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which reversed a decision

and order of a Workers' Compensation Judge (WCJ) pursuant to which the WCJ had awarded Claimant a penalty in the amount of $5,000 plus litigation costs because the Department of Revenue (Employer) did not file either a Report of Occupational Injury or Disease or a Notice of Workers' Compensation Denial as required by the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4. We affirm.

On September 13, 1993, Claimant filed a claim petition in which he alleged that, through the course and scope of his six years of employment as a Revenue Field Auditor II for Employer, he was exposed to adverse and abnormal working conditions and that, as a result of this exposure, he suffered a psychic injury in the nature of depression and post-traumatic stress. Employer subsequently filed a timely answer to the claim petition in which it denied all of Claimant's material allegations.

Thereafter, on June 20, 1994, Claimant filed a penalty petition in which he alleged that Employer failed to prepare or file with the Department of Labor and Industry an Employer's Report of Occupational Injury or Disease, in violation of Section 438 of the Act, 77 P.S. § 994, as well as a Notice of Compensation Denial, in violation of Section 406.1(c) of the Act,[1] 77 P.S. § 717.1, and Bureau of Workers' Compensation Regulation 121.13, 34 Pa.Code § 121.13.[2]

A series of hearings were held on the two petitions between November 22, 1993, and September 2, 1994. By decision and order dated March 16, 1995, the WCJ denied Claimant's claim petition, reasoning that "no credible evidence established [that Claimant's] working conditions were extraordinary, abnormal, abusive, or unexplainably different from those of fellow auditors" and that Claimant's psychic injury was actually the product of "pre-existing character disorders . . . including emotional lability and poor coping skills produced a subjective reaction

within Claimant to react adversely and improperly to an otherwise normal working environment." (WCJ's Decision, 3/16/95, at 15.)

In his March 16, 1995 decision, despite disposing of the substantive issue in favor of Employer, the WCJ granted Claimant's penalty petition due to Employer's failure to file a Report of Occupational Injury or Disease and the Notice of Compensation Denial. The WCJ consequently awarded Claimant a penalty of $5,000 and the costs of litigation in the amount of $3,119.80.

Employer subsequently appealed to the Board from the WCJ's decision to the extent it had granted Claimant's penalty petition, and, by order dated April 21, 1995, the Board granted Employer's request for a supersedeas. Claimant cross-appealed from the WCJ's decision to the extent it had denied his claim petition.

On August 30, 1997, the Board issued a decision and order in which it granted Employer's appeal, thereby reversing the WCJ on the penalty petition, and denied Claimant's appeal, thereby affirming the WCJ's denial of compensation.

This appeal by Claimant ensued. It should be noted at the outset, however, that Claimant has not appealed from the Board's decision to the extent it affirmed the WCJ's denial of basic workers' compensation benefits. Consequently, the only issue before us on appeal is whether the Board properly reversed the WCJ's decision to the extent it awarded Claimant a penalty of $5,000 plus litigation costs.

The provisions with which Employer has failed to comply are Sections 438 and 406.1(c) of the Act. Section 438 of the Act requires an employer to file with the Department of Labor and Industry a Report of Occupational Injury or Disease and provides in pertinent part as follows:

(a) An employer shall report all injuries received by employes in the course of or

---

1. Section 406.1 was added to the Act by Section 3 of the Act of February 8, 1972, P.L. 25.

2. 34 Pa.Code § 121.13 provides as follows:
    If compensation is controverted, Notice of Workmen's Compensation Denial, Form LIBC–496, shall be sent to employe or depen-

dent fully stating the grounds upon which the right to compensation is controverted, with a copy to the Department of Labor and Industry, no later than 21 days after notice or knowledge to the employer of employe's disability or death.

resulting from their employment immediately to the employer's insurer. If the employer is self-insured such injuries shall be reported to the person responsible for management of the employer's compensation program.

(b) An employer shall report such injuries to the Department of Labor and Industry by filing directly with the department on the form it prescribes a report of injury within forty-eight hours for every injury resulting in death, and mailing within seven days after the date of injury for all other injuries except those resulting in disability continuing less than the day, shift, or turn in which the injury was received. A copy of this report to the department shall be mailed to the employer's insurer forthwith.

77 P.S. § 994. Section 406.1(c) requires an employer to prepare, send to the employee, and file with the Department of Labor and Industry a Notice of Compensation Denial and provides in pertinent part as follows:

(c) If the insurer[3] controverts the right to compensation it shall promptly notify the employe or his dependent, on a form prescribed by the department, stating the grounds upon which the right to compensation is controverted and shall forthwith furnish a copy or copies to the department.

77 P.S. § 717.1(c).

The penalty provisions of the Act are contained in Section 435(d), which pertinently provides as follows:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

(ii) Any penalty or interest provided for anywhere in this act shall not be considered as compensation for the purposes of any limitation on the total amount of compensation payable which is set forth in this act.

(iii) Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused.

77 P.S. § 991(d).

On appeal, Claimant essentially argues that the WCJ properly awarded the penalty of $5,000 for Employer's failure to prepare and file two of the forms required by the Act and that the Board therefore erred in reversing the WCJ's decision in that regard. In support of this argument, Claimant directs our attention to *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill)*, 166 Pa.Cmwlth. 154, 646 A.2d 58 (1994), *petition for allowance of appeal denied*, 540 Pa. 609, 655 A.2d 996 (1995), which was also relied upon by the WCJ in his opinion. However, we believe that this reliance on *Winkelmann* by both the WCJ and Claimant is misplaced given the significant distinctions between this case and *Winkelmann*.

The WCJ and Claimant emphasize that, in *Winkelmann*, we held that a penalty award was proper even where the Board reversed the WCJ's grant of compensation benefits to the claimant and that we stated "although Employer eventually prevailed on the merits, this does not excuse the earlier violations of the Act." *Id.* 646 A.2d at 60. However, the key underlying fact in that case, one which is missing from the instant case, was that, although eventually reversed by the Board on appeal, the claimant prevailed on his claim petition before the WCJ and therefore a penalty of twenty percent could be calculated and assessed based on the compensation ben-

---

3. Under Section 401 of the Act, insurer is defined as follows:

The terms "insurer" and "carrier," when used in this article, shall mean the State Workmen's Insurance Fund or other insurance carrier which has insured the employer's liability under this act, *or the employer in cases of self-insurance.*

77 P.S. § 701 (emphasis added).

efits awarded. In this case, however, the claim petition filed by Claimant was **denied** by the WCJ and at no time was he awarded any compensation benefits based on which a penalty could be assessed.

Furthermore, we note that in *Winkelmann* the employer did not, as in this case, commit a technical violation of the Act, but instead committed a more egregious violation of the Act by refusing to pay the claimant the actual compensation benefits ordered by the WCJ. We stated in *Winkelmann*,

> [V]iolations of the Act **with respect to nonpayment of compensation** exist independently of the merits of the case, and penalty proceedings may be brought before the workers' compensation authorities while the merits of the case are pending before this Court.

*Winkelmann*, 646 A.2d at 60 (emphasis added). Consequently, we believe that our decision in *Winkelmann* does not govern the facts in the instant case.

In reversing the WCJ's decision, the Board concluded as follows:

> While we do not wish to appear to countenance the behavior of [Employer], we are constrained to reverse that portion of the Judge's Decision and Order awarding a penalty of $5,000.00 to the Claimant and directing reimbursement of his counsel's litigation cost pursuant to Section 440 of the Act.
>
> ....
>
> With respect to the imposition of penalties, we believe that the facts of the matter sub judice are distinguishable from those of the cases cited by the Judge in support of penalties. In both [*Williams v. Workmen's Compensation Appeal Board (A.T. & T. Technologies, Inc.)*, 144 Pa.Cmwlth. 297, 601 A.2d 473 (1991)], and *Winkelmann*, a compensable injury did, in fact, exist. Here, the Judge found no compensable injury, and accordingly has erred in awarding a penalty of $5,000.00 for violation of Sections 406.1 and 438 of the Act.

(Board's Decision at 9–10.) After a careful review of the relevant case law and record in this case, we must agree with the Board's conclusion.

Employer cites our decision in *Jaskiewicz v. Workmen's Compensation Appeal Board (James D. Morrisey, Inc.)*, 651 A.2d 623 (Pa.Cmwlth. 1994), *petition for allowance of appeal denied*, 541 Pa. 628, 661 A.2d 875 (1995), for the proposition that, because Section 435(d) of the Act provides that a penalty may be awarded in an amount not exceeding ten percent (or twenty percent in the case of unreasonable delay) "of the amount awarded," a penalty may not be awarded by the WCJ where the WCJ also determines that the claimant is not entitled to compensation benefits. From that authority Employer further argues that, because Claimant in this case was not awarded any compensation benefits and was therefore not entitled to a penalty award, the Board properly reversed the WCJ's decision granting the $5,000 penalty to Claimant.

In *Jaskiewicz*, this Court affirmed a decision of a WCJ who refused to award penalties on the basis that the claimant was not entitled to a penalty award because he was at no point awarded compensation benefits based on which a penalty could be calculated and assessed. After distinguishing *Winkelmann* from the facts in *Jaskiewicz*, we ultimately held that, because the language of Section 435(d) gauges the amount of a penalty award on a percentage relative to the amount of compensation benefits awarded, a precondition to the imposition of a penalty is a determination by the WCJ that the claimant is entitled to basic workers' compensation benefits. We stated as follows:

> The [WCJ] concluded that the Act, as written, only allows penalties if the Claimant is awarded any compensation. We agree that the words "of the amount awarded" [from Section 435(d) of the Act] indicate the legislature's intention **to award penalties only when a claimant is awarded benefits.** The penalty is based upon the amount awarded which was zero here. Thus, any other interpretation of this section of the Act would lead to arbitrary results, as [WCJs] would be left to award penalties based upon unknown numbers.

*Id.* at 626 (footnote omitted) (emphasis added).

In the instant case, because the WCJ and Board determined that Claimant was not entitled to basic workers' compensation bene-

fits, which Claimant does not even contest on appeal to this Court, we again hold, as in *Jaskiewicz*, that a $5,000 penalty imposed without a basic award of benefits is inappropriate.

Moreover, the need for our decision in *Jaskiewicz*, wherein we noted that a contrary interpretation of Section 435 would lead to arbitrary results, is evidenced in the instant case by the arbitrary figure of $5,000 derived by the WCJ and awarded to Claimant. The net effect of the WCJ's decision in this regard was to award a claimant, who was found to have no entitlement to **any** benefits whatsoever under the Act, the hefty sum of over $8,000 in penalties and litigation costs for what was essentially a technical violation of the Act by the employer.

We feel compelled to mention, however, that our decision today is in no way intended to condone the procedural laxity of Employer in failing to prepare and file the forms required by the Act, and we further note that both employers and claimants should strive to abide by the provisions of the Act to the utmost extent. Consequently, although we do not believe that the penalty imposed by the WCJ was appropriate in this case, we caution Employer to strictly observe the requirements of the Act in the future.

Order affirmed.[4]

### ORDER

**NOW**, March 11, 1998, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby affirmed.

---

**4.** Because Claimant was not entitled to a penalty award of $5,000, the Board was also correct in reversing that part of the WCJ's decision awarding litigation costs, including counsel fees, in the amount of twenty percent of the penalty award.

*See* Section 440 of the Act, *as amended,* 77 P.S. § 996.