**Renee ZUCHELLI, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (INDIANA UNIVERSITY OF PENNSYLVANIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 12, 2011.

Decided Oct. 12, 2011.

Publication Ordered Jan. 18, 2012.

Michael Murphy, Pittsburgh, for petitioner.

Rhonda A. Rudman, Pittsburgh, for respondent Indiana University of Pennsylvania.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation appeal, Renee Zuchelli (Claimant) asks whether a Workers' Compensation Judge (WCJ) erred in denying her claim petition seeking indemnity benefits for a closed period of two-and-a-half months. The WCJ also denied Claimant's penalty petition. Claimant asserts her claim was compensable as a matter of law where her employer did not file an appropriate document regarding her injury. Alternatively, she contends her disability, which was caused by surgery for an admitted work injury, was compensable. Discerning no merit in either assertion, we affirm.

Claimant worked for Indiana University of Pennsylvania (Employer) as a secretary. On July 23, 2008, Claimant sustained a work-related right shoulder sprain. Nine days later, Employer issued a Notice of Compensation Denial (NCD), which indicated that although a work injury occurred, Claimant did not suffer any disability as a result of the injury.

In April 2009, Claimant filed a claim petition, seeking payment of medical bills, attorney fees, and total disability benefits from October 3, 2008, to December 21, 2008. Employer filed a timely answer, acknowledging Claimant sustained a non-disabling, right shoulder strain. However, Employer averred Claimant had prior right shoulder injuries and medical evidence revealed subsequent treatment and surgery were not related to the alleged work injury.

Claimant also filed a penalty petition alleging she underwent surgery to treat her work injury in October 2008, which rendered her unable to work until December 2008. Despite the fact that her work injury resulted in disability, Claimant alleged, Employer did not pay indemnity benefits and certain medical expenses, and it did not promptly investigate the cause of her disability until after her return to work. Employer denied the allegations. Hearings ensued before a WCJ.

Claimant testified that, on July 23, 2008, while working for Employer she reached down to pull a box of brochures out from under her desk when she felt something tear in her right shoulder. Claimant continued working until undergoing surgery on her right shoulder on October 3, 2008. Claimant returned to work on December 22, 2008. Claimant testified she previously injured her right shoulder in a car accident in January 2008. Claimant also testified she was diagnosed with rheumatoid arthritis in April 2008. Claimant explained that she did not receive any indemnity benefits for the time she missed from work.

In support of her claim petition, Claimant presented the deposition testimony of Dr. David Wilson, M.D. (Claimant's Physician), who is board certified in orthopedic surgery. Claimant's Physician began treating Claimant in September 2008. Claimant's Physician diagnosed right shoulder impingement and bursitis, which, he opined, were caused by or aggravated by Claimant's work injury. Claimant's Physician testified he performed arthroscopic surgery on Claimant on October 3, 2008, which was necessitated by her work injury.

In opposition, Employer presented the deposition testimony of Dr. Brian Jewell, M.D. (Employer's Physician), who is also board certified in orthopedic surgery. Employer's Physician opined Claimant's ongoing treatment was reflective of pre-existing conditions, noting he did not observe any significant evidence that the work incident led to bursitis or fraying in Claimant's right shoulder. Employer's Physician explained Claimant's Physician's surgical findings documented only bursitis, which is a chronic, repetitive problem that occurs over an extended period of time. Employer's Physician opined the act of lifting a single box from under a desk could not cause bursitis. He further opined, at worst, Claimant suffered limited, reversible, non-permanent exacerbation of right shoulder pain or discomfort as a result of the work incident. He opined the treatment performed by Claimant's Physician, including surgery, post-surgery physical therapy, office visits and medication, were not related to the work incident. Employer's Physician also opined that at the time of his August 2009 examination, Claimant did not have any evidence of ongoing impingement, bursitis or subacromial pathology, the main pathology addressed by Claimant's Physician. Therefore, he considered Claimant recovered from those problems.

Ultimately, the WCJ denied Claimant's claim and penalty petitions. The WCJ rejected Claimant's testimony as to the cause of her right shoulder symptoms. Also, the WCJ credited Employer's Physician's testimony and opinions over those of Claim-

ant's Physician. In particular, the WCJ accepted Employer's Physician's opinion that the mechanism of Claimant's work injury would not cause bursitis or right shoulder impingement. The WCJ determined the work incident caused a right shoulder sprain, which did not result in any disability, and Claimant was fully recovered from this condition as of Employer's Physician's August 2009 examination. The WCJ further determined Claimant did not establish her October 2008 surgery and resulting disability were related to the work injury. Additionally, the WCJ determined Employer did not violate the Workers' Compensation Act[1] (Act) by failing to pay indemnity benefits or medical bills related to Claimant's surgery as they were not related to the work injury.

On Claimant's appeal, the Workers' Compensation Appeal Board (Board) affirmed. This appeal by Claimant followed.

On appeal,[2] Claimant argues the WCJ and the Board erred in failing to conclude her claim was compensable as a matter of law under Section 406.1 of the Act,[3] 77 P.S. § 717.1, where Employer did not issue a notice of temporary compensation payable (NTCP) or promptly investigate the cause of her disability. Alternatively, she contends the WCJ and the Board erred in failing to determine her disability, which was caused by surgery for an admitted work injury, was compensable.

■ In a proceeding on a claim petition, the claimant bears the burden of proving all the elements necessary to support an award of benefits. *Potere v. Workers' Comp. Appeal Bd. (Kemcorp)*, 21

A.3d 684 (Pa.Cmwlth.2011). Thus, the claimant must establish that she sustained an injury during the course of her employment, and that she is disabled as a result of that injury. *Id.* For purposes of workers' compensation benefits, the term disability is synonymous with loss of earning power. *Coyne v. Workers' Comp. Appeal Bd. (Villanova Univ.)*, 942 A.2d 939 (Pa. Cmwlth.2008). A claimant's burden to prove disability never shifts to the employer; rather, the burden remains with the claimant throughout the pendency of the claim petition proceeding. *Potere; Coyne.*

■ Even where an employer issues an NCD that acknowledges an injury, but disputes disability, the claimant maintains the burden of proving she is entitled to benefits. *Potere; Morrison v. Workers' Comp. Appeal Bd. (Rothman Inst.)*, 15 A.3d 93 (Pa.Cmwlth.2010), *appeal denied*, —— Pa. ——, 24 A.3d 364 (2011).

Claimant first argues the WCJ and the Board erred in concluding she was not entitled to indemnity benefits from the time of her October 3, 2008, surgery through her return to work on December 22, 2008. Based on the undisputed facts, Claimant contends, Employer violated Section 406.1 of the Act, which required it to promptly investigate the cause of her disability and accept the injury as compensable, or, if "uncertain" whether her disability was compensable, to issue a NTCP. Claimant asserts Employer did neither here and this failure should lead to a finding of compensability as a matter of law under Section 406(d) of the Act. Claimant maintains Employer's issuance of an NCD

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

2. Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional

rights were violated. *Hershgordon v. Workers' Comp. Appeal Bd. (Pepboys, Manny, Moe & Jack)*, 14 A.3d 922 (Pa.Cmwlth.2011).

3. Section 406.1 was added by the Act of February 8, 1972, P.L. 25.

here was invalid under this Court's decision in *Jordan v. Workers' Compensation Appeal Board (Philadelphia Newspapers, Inc.)*, 921 A.2d 27 (Pa.Cmwlth.2007). She further asserts Employer's refusal to pay her indemnity benefits for nearly 10 weeks, the entire time without any evidence to contradict Claimant's Physician's opinion of a work injury, violated the Act.

At the outset, we reject Claimant's unsupported argument that, if proven, Employer's violation of the Act in failing to issue the appropriate document regarding her injury renders her claim compensable as a matter of law. In *Coyne*, we explained:

> An employer violates Section 406.1 of the Act if it fails to issue an NCP, an NCD, or a [NTCP] within twenty-one days of receiving notice of a work-related injury. *Johnstown Housing Auth. v. Workers' Compensation Appeal Board (Lewis)*, 865 A.2d 999 (Pa.Cmwlth.2005). Consequently, it can be liable for penalties for failure to comply with this provision. *Brutico v. Workers' Compensation Appeal Board (US Airways, Inc.)*, 866 A.2d 1152 (Pa.Cmwlth.2004). Moreover, when an employer fails to issue an NCP or an NCD within the appropriate timeframe, thereby forcing the claimant to litigate the compensability of an injury, the employer will be liable for the payment of the claimant's attorney's fees unless it can prove its contest was reasonable. *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164 (Pa.Cmwlth.2003). Thus, an award of penalties and attorney's fees are the appropriate remedies for an employer's failure to issue bureau documents within twenty-one days of receiving notice of a work-place injury. *We are not aware of any authority permitting an award of benefits to a claimant who would not otherwise be entitled to them based upon an employer's failure to comply with the Act.*

*Coyne*, 942 A.2d at 952 (emphasis added) (footnote omitted). Claimant's argument to the contrary fails. *Id.*

■ Moreover, based on the WCJ's supported findings, Claimant is not entitled to an award of benefits. The WCJ rejected Claimant's testimony as to the cause of her right shoulder problems. WCJ Op., Finding of Fact (F.F.) No. 24. Specifically, the WCJ found the cause of Claimant's right shoulder problems was not obvious and, therefore, unequivocal medical testimony was required to prove causation. *Id.* As to the medical evidence, the WCJ rejected Claimant's Physician's testimony that the work incident resulted in an aggravation of Claimant's pre-existing right shoulder condition that necessitated surgery, which, in turn, caused her disability. F.F. No. 23. As explained in greater detail below, the WCJ credited Employer's Physician's testimony that Claimant's right shoulder surgery and resulting disability were not related to the work incident. F.F. No. 22; Reproduced Record (R.R.) at 127a–28a, 134a–35a, 138a–39a, 141a–42a. Based on the WCJ's supported findings, no error is apparent in the WCJ's denial of Claimant's claim petition. *Potere; Coyne.*

Further, we reject Claimant's contention that Employer violated the Act by failing to issue the proper document regarding her injury or by promptly investigating the cause of Claimant's disability. In *Forbes Road CTC v. Workers' Compensation Appeal Board (Consla)*, 999 A.2d 627 (Pa.Cmwlth.), *appeal denied*, 609 Pa. 692, 14 A.3d 829 (2010), this Court explained:

> Initially, we recognize that this Court has held that the nature of the injury must be established and acknowledged by an employer, which can be done by issuing an NCP, including a "medical only" NCP, by which an employer can

accept liability for an injury, but not a loss of earning power. *Orenich v. Workers' Comp. Appeal Bd. (Geisinger Wyoming Valley Med. Ctr.)*, 863 A.2d 165 (Pa.Cmwlth.2004); [*Waldameer Park*]; and *Lemansky v. Workers' Comp. Appeal Bd. (Hagan Ice Cream Co.)*, 738 A.2d 498 (Pa.Cmwlth.1999). However, the Court expanded that holding in [*Armstrong v. Workers' Compensation Appeal Board (Haines & Kibblehouse, Inc.)*, 931 A.2d 827 (Pa.Cmwlth.2007),] and held:

> An employer may properly file an NCP when, although it acknowledges that a work-related injury has occurred, there is a dispute regarding the claimant's disability. On the NCD form ... the employer is given the option of acknowledging the occurrence of a work-related injury but declining to pay workers' compensation benefits because the employee is not disabled as a result of his injury within the meaning of the Act.

*Id.* at 829–30 (citations omitted). [T]his is the current state of the law. The NCD form for medical only is currently being distributed by the Board and is an acceptable means of accepting an injury for medical purposes only. *Accordingly, we hold an employer may properly issue an NCD to accept a claimed work injury for medical purposes only.*

*Forbes Road CTC*, 999 A.2d at 629.[4]

Here, Claimant sustained a work injury on July 23, 2008, and continued working until her surgery in October 2008. Nine days after the work incident, Employer filed an NCD, on which it placed an "x" next to the following reasons for declining

to pay Claimant workers' compensation benefits:

> 4. *Although an injury took place, the employee is not disabled as a result of this injury within the meaning of the [Act].*
>
> \*      \*      \*
>
> ▉ 6. Other good cause.... *Accepted injury is a right shoulder strain only. There is no lost time.* No certification of disability received exceeding the 7–day waiting period. Related medical will be paid in accordance to the PA W.C. Act.

R.R. at 7a (emphasis added). Employer's timely issuance of an NCD, indicating its acknowledgement that a work injury occurred, but disputing that Claimant was disabled as a result of that injury, was proper as Claimant admittedly returned to work after the work incident and did not sustain any disability at that time. R.R. at 32a. An employer's issuance of an NCD accepting liability for medical benefits, but disputing disability is proper where, as here, an employer asserts the cause of the disability is not the work incident, but rather a pre-existing condition. *See Gumm v. Workers' Comp. Appeal Bd. (Steel)*, 942 A.2d 222 (Pa.Cmwlth.2008).

Further, Claimant's reliance on this Court's decision in *Jordan* is misplaced. In *Potere*, this Court rejected a substantially similar argument to that presented by Claimant here. Specifically, we explained:

> In *Jordan*, the employer issued an NTCP and later issued an NCD *solely citing other good cause for the basis of its denial.* The other good cause con-

---

4. Notably, in 2011, the Bureau of Workers' Compensation revised the NCD form. *See* D. Torrey & A. Greenberg, WORKERS' COMPENSATION LAW & PRACTICE (3rd ed.) § 13:85.10. Employers are now instructed *not* to accept medical only cases by use of the NCD form. *Id.* The form employers should use is the medical-only NCP. *Id.* Here, Employer used the NCD form in 2008, prior to revision of the NCD form.

sisted of a statement that the claimant suffered no compensable lost time from May 22, 2003, to July 11, 2003. However, this Court concluded that *the employer's stated good cause was disingenuous because the only reason that the claimant suffered no compensable lost time was the fact that the claimant received salary continuation benefits during this period. Unlike [the] [e]mployer in the present case, the employer in Jordan never acknowledged that the claimant sustained a work injury.* Hence, *Jordan* is distinguishable and does not support [the] [c]laimant's assertions.

*Potere,* 21 A.3d at 692 n. 5 (emphasis added). *Jordan* is distinguishable for the same reason here in light of Employer's issuance of an NCD acknowledging Claimant sustained a work injury, but disputing disability. *Accord Gumm* (distinguishing *Jordan* where employer issued an NCD acknowledging an injury, but contesting disability).

■■■ We further reject Claimant's contention that Employer violated the Act by failing to issue an NTCP. As stated above, an employer violates Section 406.1 of the Act where it fails to issue an NCP, an NCD or an NTCP within 21 days of receiving notice of a work injury. *Coyne.* Here, Employer issued an NCD within the required time frame. Employer did not violate the Act by issuing an NCD accepting Claimant's injury for medical purposes only. *Forbes Road CTC.* Further, contrary to Claimant's contentions, Employer was not required to rescind the NCD when Claimant underwent surgery given that Employer disputed that Claimant's work incident caused any disability.[5]

Alternatively, Claimant argues the WCJ and the Board erred in concluding her disability, which was caused by the October 2008 surgery, was not compensable. *See Workmen's Comp. Appeal Bd. (Bartosevich) v. Ira Berger & Sons,* 470 Pa. 239, 244, 368 A.2d 282, 284 (1977). Here, Claimant asserts: she experienced shoulder pain that was not present before the work incident; Claimant's Physician performed surgery on her in good faith; and, she was disabled as a result of the surgery until her return to work in December 2008. Claimant argues under *Ira Berger & Sons,* her injuries are compensable as a matter

---

5. Further, to the limited extent Claimant asserts Employer did not present a reasonable contest, an award of unreasonable contest attorney fees is not appropriate where, as here, Claimant did not prevail in whole or in part on her claim petition. *Watson v. Workers' Comp. Appeals Bd. (Special People in Ne.),* 949 A.2d 949 (Pa.Cmwlth.2008); *Amoratis v. Workers' Comp. Appeal Bd. (Carolina Freight Carriers),* 706 A.2d 368 (Pa.Cmwlth.1998).

Also, as to penalties, the Act permits an award of penalties against an employer violating the provisions of the Act, the rules, or the regulations. Section 435 of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991. When a violation of the Act occurs, the imposition and amount of penalties, if any, is within the discretion of the WCJ. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock),* 934 A.2d 156 (Pa.Cmwlth. 2007).

Section 435(d)(i) of the Act provides, "[e]mployers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable...." This Court previously construed the phrase "of the amount awarded" in Section 435(d)(i) as indicating "the legislature's intention to award penalties only when a claimant is awarded benefits." *Jaskiewicz v. Workmen's Comp. Appeal Bd. (James D. Morrisey, Inc.),* 651 A.2d 623, 626 (Pa.Cmwlth.1994). Thus, a precondition to the imposition of penalties is the determination that a claimant is entitled to workers' compensation. *Wyche v. Workers' Comp. Appeal Bd. (Pimco),* 706 A.2d 1297 (Pa.Cmwlth.1998). Because the WCJ's denial of Claimant's claim petition was proper here and no benefits were awarded, there was no measure the WCJ could use to award penalties.

of law regardless of whether the WCJ credited the causation testimony of Claimant's Physician or whether Claimant's Physician provided the proper treatment.

■ Where a claimant in good faith seeks medical treatment for a work injury and the medical treatment itself either aggravates the existing injury or causes new, additional injury, the law regards the latter being causally related to the original work injury. *Ira Berger & Sons.*

In rejecting Claimant's assertions on this point, the Board stated (with emphasis added):

> *Claimant had the burden of establishing that her surgery and resultant disability were causally connected to her work injury-Contrary to Claimant's argument, it does not necessarily follow that because [Claimant's Physician] was treating Claimant for her accepted right shoulder strain that all treatment he provided to her was causally related to her work injury.* [Claimant's Physician] opined that Claimant's surgery was related to her diagnosis of right shoulder impingement and bursitis. *The WCJ rejected [Claimant's Physician] opinion that these diagnoses were causally related to Claimant's work injury.* The WCJ instead accepted [Employer's Physician's] opinion that the act of lifting a single box from under a desk at work would not result in these diagnoses. Rather, [Employer's Physician] opined that these diagnoses were the result of chronic, repetitive problems that occured [sic] over an extended period of time. [Employer's Physician's] opinions constitute substantial, competent evidence to support the WCJ's findings with respect to Claimant's surgery and disability.

Bd. Op. at 8–9. We discern no error in the Board's rejection of Claimant's argument.

Specifically, the WCJ made the following pertinent determinations (with emphasis added):

> 22. *This [WCJ] finds, based on the credible testimony of [Employer's Physician], that [C]laimant's October 3, 2008, right shoulder surgery and the resulting disability were not related to the July 23, 2008, incident at work....*

> \* \* \*

> c. Based on his review of her medical records, her history as provided during the physical examination, and his physical examination of [Claimant], *[Employer's Physician] opined that [Claimant], at the most, sustained a limited reversible, non-permanent exacerbation of right shoulder pain that had resolved by the date that she saw her rheumatologist [in August 2008].* He felt that the July 23, 2008, incident did not cause or aggravate her bursitis, tendinosis, impingement, or the findings observed during the October 3, 2008, surgery because

> i. [Claimant] has a history of two pre-existing injuries that resulted in ongoing symptoms for at least six to eight weeks,

> ii. These injuries were significant since she received two cortisone shots,

> iii. He attributed the improvement in her symptoms to the masking of her symptoms by the anti-inflammatory and auto immune medications provided by both the pain clinic and her rheumatologist,

> iv. The mechanics of the July 23, 2008, incident, which occurred below 90 degrees, would not cause impingement or bursitis,

> v. No tear was seen in the MRI or during the October 3, 2008, surgery, and

> vi. The fraying seen during the October 3, 2008, surgery indicated chronic inflammation.

[Employer's Physician] felt that [Claimant] was fully recovered from the right shoulder sprain recognized by [Employer]. [Employer's Physician] attributed the findings noted during his examination to [Claimant's] rheumatoid arthritis. He felt that [Claimant] did not exhibit any evidence of ongoing impingement, bursitis, or subacromial pathology. [Employer's Physician] attributed the discomfort experienced by [Claimant] during his range of motion examination to her rheumatoid arthritis. He placed no restrictions on [Claimant's] ability to work as a result of the right shoulder sprain, the conditions that led to the surgery, or the surgery itself.

[d.] [Employer's Physician] stated that rheumatoid arthritis has specific findings such as bursitis, inflammation, and fraying. But, he noted that it was a biological diagnosis, not a visual diagnosis. Therefore, he discounted [Claimant's Physician's] statement that it was not present when he did his October 3, 2008, surgery since no biopsy had been performed. *[Employer's Physician] opinion that the July 23, 2008, incident only caused a temporary increase in her symptoms is credible since the rheumatologist did not report that [Claimant] complained of right shoulder problems during the August 2008 visit.* In addition, the rheumatologist noted full range of motion of the right shoulder. He, also, noted that the incident as described by [Claimant] would not have resulted in impingement or bursitis. [Employer's Physician], also, provided a basis for explaining why [Claimant's] symptoms from her pre-existing condition would have decreased for a period of time.

23. *[Claimant's Physician's] opinion that the July 23, 2008, incident resulted in an aggravation of [Claimant's] pre-existing right shoulder condition neces-sitating the surgery, which caused her disability from October 3, 2008, through and including December 21, 2008, is not credible or persuasive....*

\* \* \*

25. Based on [Claimant's Physician's] credible testimony, the October 3, 2008, surgery was performed to *treat* [Claimant's] right shoulder condition. [Claimant's Physician] scheduled the surgery as a definitive procedure to fix her problem so she could move forward. [See page 5, line 22, through and including page 6, line 5 of the transcript of [Claimant's Physician's] deposition admitted as Claimant's Exhibit 2.] *Therefore, [Employer is] not liable for disability benefits since the October 3, 2008, surgery was performed for treatment, not diagnosis.*

26. The October 3, 2008, surgery did not constitute negligent treatment of [Claimant's] right shoulder problems. [Claimant's Physician and Employer's Physician] credibly testified that the October 3, 2008, surgery was appropriate treatment of her existing right shoulder problems from her impingement and bursitis and improved her condition. *The dispute centered on the causation of the right shoulder symptoms leading to the surgery, not on the treatment provided.*

\* \* \*

3. *[Claimant], based on the record taken as a whole, did not establish that the October 3, 2008, surgery and the disability resulting from that surgery were related to the July 23, 2008, incident.*

4. *Since, based on the record taken as a whole, the October 3, 2008, surgery was performed to treat symptoms not caused by the work injury, [Employer] [is] not liable for the period of disability caused by the surgery.*

See F.F. Nos. 22, 23 25, 26, Concls. of Law Nos. 3–4. The WCJ's determinations are adequately supported. R.R. at 127a–28a, 134a–35a, 138a–39a, 141a–42a. In turn, these findings support the WCJ's conclusion that Claimant's surgery was not performed to treat Claimant's work injury, but rather to treat Claimant's pre-existing condition.[6]

The WCJ's supported findings distinguish this case from *Ira Berger & Sons* and *Powell v. Sacred Heart Hospital,* 99 Pa.Cmwlth. 575, 514 A.2d 241 (1986), relied on by Claimant.

In *Ira Berger & Sons,* the claimant suffered a compensable work injury and entered into a compensation agreement with the employer in which he received total disability benefits. The employer later sought to terminate benefits. At a hearing, two impartial experts testified the claimant's disability was the result of improper treatment by a chiropractor who treated the claimant for the work injury. The issue before the Supreme Court was whether the claimant's condition "which result[ed] from negligent treatment of a compensable injury [was] causally related to the initial compensable injury." *Id.* at 242, 368 A.2d at 283. Noting that both impartial experts opined the claimant was neither malingering nor seeking treatment for symptoms that existed before the accident, the Court held the claimant's disability was compensable. Specifically, the Court stated, "[a]s long as the subsequent disability is a result of negligent treatment for the initial injury, the disability is com-

pensable under the [Act]." *Id.* at 246, 368 A.2d at 285.

Here, unlike in *Ira Berger & Sons,* the WCJ specifically determined the work incident did not necessitate surgery and, as a result, any disability arising from the surgery was not causally related to the work incident. Also, the WCJ found the surgery did not constitute negligent treatment, determining the surgery was appropriate to treat Claimant's pre-existing right shoulder problems and the surgery improved Claimant's condition. As such, *Ira Berger & Sons* is distinguishable.

Further, this is not a case like *Powell.* There, the claimant died as a direct result of complications caused by surgery performed to treat a recognized, work-related back injury. In holding the claimant's death was compensable, we stated, "there is no question that the surgical procedure, to alleviate a condition caused in the course of employment and for which compensation liability had been accepted by the insurer, was not a separate event dissociated from the original injury." *Id.* at 244–45.

Here, unlike in *Powell,* the WCJ found the surgery was not performed to treat a compensable work injury; rather it was performed to treat a pre-existing condition unrelated to the work incident. Further, unlike in *Powell,* there is no indication that any complications were associated with the surgery causing further injury. Thus, *Powell* is inapposite.[7]

---

6. As Claimant acknowledges, Employer's voluntary payment for Claimant's surgery, did not constitute an admission of liability. *See* Pet'r's' Br. at 24 n. 1; *Securitas Sec. Servs. USA, Inc. v. Workers' Comp. Appeal Bd. (Schuh),* 16 A.3d 1221 (Pa.Cmwlth.2011).

7. Of further note, contrary to Claimant's assertions that the surgery had a diagnostic component, as excerpted above, the WCJ

credited that part of Claimant's Physician's testimony that he performed the surgery to *treat* Claimant's right shoulder condition. F.F. No. 25; R.R. at 75a–76a. We cannot disturb the WCJ's decision to credit Claimant's Physician's testimony on this point. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating Inc.),* 873 A.2d 25 (Pa. Cmwlth.2005) (where WCJ's findings are supported by substantial evidence, they must be

Based on the foregoing reasons, we affirm.

### ORDER

**AND NOW,** this 12th day of October, 2011, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

upheld, even though the record contains conflicting evidence).