# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Plotts,                                          :
                          Petitioner                   :
                                                       :
          v.                                           :    No. 2277 C.D. 2014
                                                       :    Submitted: August 14, 2015
Workers' Compensation Appeal                           :
Board (TriTech Systems, Inc.),                         :
                          Respondent                   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED:  October 15, 2015**


Petitioner Edwin Plotts (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board).  Following remand from the Board, a Workers' Compensation Judge (WCJ) rendered factual findings regarding Claimant's earning power based on a labor market survey submitted into evidence during the WCJ's hearings.  The Board affirmed the WCJ's findings.  The only question on appeal to this Court is whether the WCJ erred in crediting the labor market survey where the survey failed to consider Claimant's adjudicated mental health injury in identifying available and suitable jobs.  We affirm the Board's order.

On November 30, 2006, Claimant sustained a cervical strain while working for TriTech Systems, Inc. (Employer), from which he became totally disabled.  Claimant received benefits pursuant to a Notice of Compensation

Payable (NCP). On March 2, 2007, Claimant returned to work with no loss of wages, and, pursuant to a supplemental agreement, Employer suspended Claimant's disability benefits. On March 18, 2008, Employer reinstated Claimant's benefits because of a recurrence of his disability.

On August 10, 2009, Claimant filed a claim petition alleging that he sustained a new work injury on March 18, 2008, involving his neck, upper extremities, and lower back. On September 9, 2009, Employer filed a modification petition seeking a reduction in Claimant's benefits based upon its assertion that, based upon a labor market survey, Claimant was able to return to work in some capacity. On September 27, 2010, Claimant filed a review petition, seeking to add a lower back injury to the injuries identified in the NCP. On December 27, 2010, Claimant filed another review petition, seeking to add a mental health injury to the injuries identified in the NCP. On January 24, 2011, Claimant filed a claim petition, asserting that he sustained a work-related injury to his right shoulder on January 8, 2008.

The WCJ, after consolidating the modification, review, and claim petitions, conducted several hearings. The WCJ concluded that (1) Employer failed to sustain its burden of proof with regard to its modification petition; (2) Claimant failed to sustain his burden of proof that he sustained a work-related low back injury; (3) Claimant sustained his burden of proof that he sustained a mental health injury as a consequence of his identified work-related injury, but Claimant did not suffer any disability as a result of that injury; (4) Claimant failed to sustain his burden of proof as to his alleged January 8, 2008 right shoulder injury; and (5) the injury that Claimant alleged occurred on March 18, 2008, constituted a recurrence of his initial work-related injury.

2

Both Employer and Claimant filed appeals from the WCJ's decision with the Board. Employer contended that the WCJ erred in denying its modification petition. Claimant contended only that (1) the WCJ erred in finding that Claimant did not sustain a work-related lower back injury and (2) the WCJ erred in concluding that (a) Claimant did not sustain his burden of proof regarding his alleged lower back injury, and (b) the incident on March 18, 2008, resulted in the recurrence of Claimant's original work injury. Claimant did not dispute the WCJ's finding and conclusion that Claimant's mental health injury was not disabling.

The Board, addressing only the issues raised by the parties, concluded that the WCJ erred in its evaluation of Employer's modification petition. The Board remanded the matter to the WCJ for the sole purpose of rendering new findings of fact, based upon the existing record, which included Employer's labor market survey, regarding the appropriate measure of Claimant's earning power. After the WCJ issued new findings and conclusions on that discrete issue, Claimant again appealed to the Board. In that second appeal, Claimant asserted that the WCJ did not render a reasoned decision, contending that "the WCJ failed to consider Claimant's psychological injuries related to the work incident." (Reproduced Record (R.R.) at 465.) Claimant, pointing to the WCJ's finding that Claimant will need medication and therapy to treat his mental health injury, asserted that the WCJ failed to render findings regarding the suitability of the jobs in the labor market survey in light of Claimant's mental health injury.

The Board rejected Claimant's arguments, reasoning that its remand order called only for the WCJ to render findings regarding Claimant's earning power based upon the labor market survey and to order a corresponding

3

modification of benefits. The Board concluded that the WCJ "appropriately confined his decision and order on remand to that specified issue." (Board Opinion at 4.) The Board also noted that the WCJ had determined that Claimant's mental health injury was not disabling. (*Id*. n.5.)

Claimant petitioned this Court for review of that order,[1] raising the single question of "[w]hether the Board erred in finding that the jobs contained in the labor market survey were suitable for the Claimant." In his brief, Claimant argues generally that Employer failed to meet part of its burden of proof with regard to the suitability of jobs reflected in the labor market survey in light of Claimant's mental health injury. Although an employer bears the burden of proof in seeking to obtain a modification of benefits,[2] in this case, the WCJ contemporaneously considered Claimant's review petition seeking to add the mental health injury as one of Claimant's identified injuries and Employer's modification petition. In that regard, Claimant bore the burden of proof to demonstrate that he sustained a work-related injury that was not identified in the initial notice of compensation payable or that a new injury had arisen as a consequence of the original injury. *Aldridge v. Workers' Comp. Appeal Bd. (Kmart Corp.)*, 113 A.3d 861, 867 n.7 (Pa. Cmwlth.), *appeal denied*, 117 A.3d 298 (Pa. 2015). In order to obtain benefits for a work-related injury, a claimant also

---

[1] Our review is limited to considering whether substantial evidence supports necessary factual finding, and whether an error of law or violation of constitutional rights was committed below. 2 Pa. C.S. § 704.

[2] "An employer may obtain a modification . . . of [a] claimant's benefits based on evidence of [a claimant's] earning power alone." *Anderson v. Workers' Comp. Appeal Bd. (F.O. Transport)*, 111 A.3d 238, 246 (Pa. Cmwlth. 2015).

must demonstrate that he or she has suffered a loss of earning power because of the injury. *See Zuchelli v. Workers' Comp. Appeal Bd. (Indiana Univ. of Pa.)*, 35 A.3d 801, 804 (Pa. Cmwlth. 2011) (citing *Potere v. Workers' Comp. Appeal Bd. (Kemcorp)*, 21 A.3d 684, 689-90 (Pa. Cmwlth. 2011) (claimant bears burden to establish connection between work and injury and that disability arose as consequence of injury) and *Coyne v. Workers' Comp. Appeal Bd. (Villanova Univ.)*, 942 A.2d 939, 945 (Pa. Cmwlth.), *appeal denied*, 960 A.2d 457 (Pa. 2008) (burden of proof never shifts to employer to prove disability)).

Here, the WCJ found that Claimant did sustain a mental health injury but that the injury did not cause any disability. Claimant did not challenge that determination in his first appeal to the Board. On remand, then there was no need for the WCJ to "take into account" the mental health injury that Claimant proved to be work-related, because the WCJ had already determined that the mental health injury did not cause any disability. Consequently, Employer, in its modification petition, was not required to prove that the jobs in the labor market survey were suitable to accommodate Claimant's non-disabling mental health injury. The WCJ, therefore, could rely on Employer's labor market survey on remand, and the Board did not err in affirming the WCJ's decision following remand.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Plotts,                          :
                Petitioner        :
                                           :

            v.                          :   No. 2277 C.D. 2014
                                           :

Workers' Compensation Appeal          :
Board (TriTech Systems, Inc.),        :
                Respondent       :

## **O R D E R**

AND NOW, this 15th day of October, 2015, the order of the Workers'
Compensation Appeal Board is AFFIRMED.

_____
P. KEVIN BROBSON, Judge